[Civil No. 3883.   Filed January 31, 1938.]

[75 Pac. (2d) 683.]

THE CITY OF GLENDALE, a Municipal Corporation, Appellant, v. J. S. DIXON, Appellee.

Mr. C. A. McKee and Mr. Allan K. Perry, for Appellant.

Mr. L. C. McNabb, for Appellee.

McALISTER, C. J.—In this case appellee sought to recover from appellant for the time he worked as an irrigator in excess of eight hours a day, and we held that inasmuch as the labor he performed was not, within the meaning of the eight-hour law, emergency work, he could not recover for the extra time, because it was contrary to the statute and, therefore, unlawful for him to work longer than eight hours a day or for appellant to permit him to do so. Appellee, being of the view that this was not a correct construction of the eight-hour law, has requested a rehearing and in his motion contends that he was entitled to recover, regardless of the existence or nonexistence of an emergency, because, he argues, one who performs manual or mechanical labor for the state or any of its political subdivisions may, under the eight-hour law, recover for the time he works in excess of eight hours a day, even though it is unlawful for him to do this in the absence of an emergency. In reaching its conclusion the court was governed by the provisions of section 1, chapter 12, Session Laws of 1933, amending section 1350, Revised Code of 1928, entitled "Hours of Labor on Public Work; Wages," but appellee contends that

the meaning given it not only fails to help accomplish the purpose that gave it life but in effect destroys it. It reads as follows:

"Eight hours, and no more, shall constitute a lawful day's work for all persons doing manual or mechanical labor employed by or on behalf of the state, or of any of its political subdivisions, except in an extraordinary emergency, in time of war, or for the protection of property or human life; in such cases the persons working to exceed eight hours each day shall be paid on the basis of eight hours constituting a day's work. Not less than the minimum *per diem* wages fixed by the state highway commission for manual or mechanical labor performed for said commission or for contractors performing work under contract with said commission, shall be paid to persons doing manual or mechanical labor so employed by or on behalf of the state or any of its political subdivisions. Persons doing manual or mechanical labor employed by contractors or sub-contractors in the execution of any contract with the state, or with any of its political subdivisions, shall be deemed to be employed by or on behalf of the state, or of such political subdivision thereof."

It is clear from this section, which refers to public work only, that *eight hours, and no more,* constitute a lawful day's work for those doing manual or mechanical labor for the state or any of its political subdivisions, but that such employees may work longer than eight hours a day if there is an emergency and when they do they shall be paid for the excess time "on the basis of eight hours constituting a day's work." This necessarily implies that no such employee shall work longer than eight hours a day in the absence of an emergency and, this being true, it is unlawful and contrary to the statute for him to do so or for the employer to permit it. The eight-hour provision is directed just as much to the employee as it is to the state or any of its political subdivisions

and the effect thereon of the former's working more than eight hours or the latter's permitting him to do so, in the face of language making the acts of both unlawful, is to set it aside and render it completely ineffective, just as it defeats the Minimum Wage Law to permit one to work for or the employer to pay less than the minimum wage. Both the eight-hour and the minimum wage provisions of the law become a part of every contract of employment between a manual or mechanical laborer and the state or the political subdivision employing him, and any agreement that his wages shall be less than the minimum or the hours greater than eight a day in the absence of an emergency ignores and departs from them to that extent and, in so far as it does this, is void and unenforceable. It should never be overlooked that both the eight-hour and the minimum wage laws were passed for the benefit of labor, and in construing them the court should always keep in mind the purpose they were intended to accomplish. The hours one may work when doing manual or mechanical labor for the state or any of its political subdivisions were limited to eight for two reasons, the health of the workman and the distribution of labor, and it must be apparent to everyone that if a person is permitted to work longer than this, either with or without pay for the excess time, neither of these ends will be accomplished. To hold, therefore, that appellee, notwithstanding his violation of the law in working more than eight hours a day in the absence of an emergency and of appellant's in permitting him to do so, may recover from the latter the minimum wage *per diem* for the extra time, would mean that any other employee of the state or any of its political subdivisions would have the same right, and it does not take the wisdom of a Solomon to realize that the result of this would be that the state would no longer have an effective eight-hour law.

It is far more important to labor from a standpoint of health and the division of work that the eight-hour law be preserved than it is that an occasional violator of it be permitted to recover for the time he spends in transgressing it. One who works more than eight hours a day when no emergency exists not only defeats the law so far as it pertains to health but deprives some other person of the opportunity to work the extra hours and earn a living for himself and family.

And to render it doubly sure that no manual or mechanical laborer in the employ of the state or any of its political subdivisions may work longer than eight hours a day, either of his own volition or through the demand of his employer, except in emergencies, the legislature went further in chapter 12, *supra,* than to make such acts unlawful and contrary to the statute, and in section 7 thereof (amending Revised Code 1928, section 1353), made it a penal offense, punishable by a fine of not less than fifty dollars, nor more than one thousand dollars, or by imprisonment of not more than six months, or by both, for "any officer of the state or any of its political subdivisions, or any person acting under or for such officer . . . or other person" to violate any of the provisions of the eight sections of that chapter, the very first of which contains both the eight-hour and the minimum wage laws. It places violations of both these provisions by the officers mentioned, or anyone representing them, on the same basis, and in *State* v. *Anklam,* 43 Ariz. 362, 31 Pac. (2d) 888, we held that the supervisors of a county, who paid manual or mechanical laborers less than the minimum wage, were guilty of an offense under that law, and there can be no question but that this would also be true of any officer who requires or permits one to work longer than eight hours a day when there is no emergency demanding it. Clearly it was the view of the legislature that it is just as serious a vio-

lation of the law to permit a laborer to work more than eight hours a day as it is to pay him less than the minimum wage, the penalty for both acts having been made the same. And while the occasions for the use of this provision may be rare, since few, if any, employees of the state or any of its political subdivisions ever work longer than eight hours a day and the officers of these units of government have nothing personally to gain by their doing so—as many of those engaged in private business seem to feel they have—yet its incorporation in the act is a wise precaution, because it stands ready to be invoked against those officials who, regardless of its being unlawful for them to do so, require or even permit employees to work more than eight hours a day, though it is unnecessary so far as those officials who are aware of it and desire to live up to it are concerned. We are clearly of the view that the conclusion reached in the original opinion is correct.

The order reversing the judgment and remanding the case with direction that any further action in the case be in accordance with the views therein expressed will not be disturbed.

ROSS and LOCKWOOD, JJ., concur.