329 P.2d 1103

Fred E. PARRACK, George Brown, and James H. Guinn, individually and as members of a class similarly situated, Petitioners,

v.

CITY OF PHOENIX, a municipal corporation; Jack Williams, Mayor of the City of Phoenix, a municipal corporation; V. A. Cordova, Joseph Madison Greer, John B. Haldiman, David P. Jones, Faith I. North and Dick Smith, Councilmen of the City of Phoenix, a municipal corporation; John L. Williams, Finance Director of the City of Phoenix, a municipal corporation; Frances J. Killius, Auditor of the City of Phoenix, a municipal corporation, Alice Mosier, Treasurer of the City of Phoenix, a municipal corporation, and John E. Burke, City Clerk of the City of Phoenix, a municipal corporation, Respondents.

No. 6640.

Supreme Court of Arizona.

Sept. 30, 1958.

C. A. Muecke, Phoenix, for petitioners.

William C. Eliot, City Atty., and Merle L. Hanson, Anis Mitchell, Charles A. Filler, Asst. City Attys., Pheonix, for respondents.

PHELPS, Justice.

Petitioners as employees of the Phoenix Fire Department petitioned this court on behalf of all other such employees to issue an alternative writ of mandamus commanding respondents as officers of the City of Phoenix to comply with and pay salaries to the employees of the Phoenix Fire Department in accordance with ordinance number G–245, or in lieu thereof to show cause why the alternative writ requested should not be made peremptory. This court granted the alternative writ of mandamus and after considering the propositions filed by all parties must now determine whether the alternative writ shall be made permanent.

The electors of the City of Phoenix initiated the ordinance in question by submitting it to the council with a petition in proper form signed by the requisite number of qualified electors and certified by the city clerk under the provisions of Chapter XV, § 4 of the Phoenix Charter, which reads as follows:

"If the petition accompanying the proposed ordinance be signed by electors equal in number to fifteen (15) per cent of the entire vote cast for all candidates for mayor at the last preced--

ing general municipal election at which a mayor was elected, and contains a request that said ordinance be forthwith submitted to the vote of the people at the special election, then the council shall either:

"(a) Pass said ordinance without alteration within twenty (20) days after the attachment of the city clerk's certificate to the sufficiency of the accompanying petition (subject to a referendary vote, under the provisions of Chapter XVI of this Charter), or

"(b) Within twenty-five (25) days after the city clerk shall have attached to the petition accompanying such ordinance his certificate of sufficiency, the council shall proceed to call a special election at which said ordinance without alteration shall be submitted to the vote of the people."

The city council chose to pass the ordinance rather than submit it to a vote of the people according to the provisions of said Chapter XV, § 4 of the Phoenix Charter. This action was taken under a mandate of this court affirming a judgment of the superior court in Williams v. Parrack, 83 Ariz. 227, 319 P.2d 989. Therein this court held that the initiation of an ordinance fixing fire department employee salaries falls within the category of a legislative rather than an administrative function and that the validity of such an ordinance properly initiated by

the electors may not be questioned prior to its enactment.

After passing the ordinance the officers of the City of Phoenix ignored its provisions and continued to pay the salaries of fire department employees according to the provisions of the salary ordinance in effect prior to the passage of ordinance G–245. Petitioners brought this action in mandamus after the lapse of thirty days from the time of final passage of ordinance G–245, the time when a valid ordinance initiated by the electors and passed by the council would become effective under the provisions of Chapter XVI, § 1 of the Phoenix Charter which, insofar as material reads as follows:

"No ordinance passed by the council shall go into effect before thirty (30) days from the time of its final passage, except as otherwise provided in this Charter."

Petitioners and respondents agree that the only question now before this court is whether the ordinance conflicts with specific provisions of the Phoenix Charter. If it does, it is void; City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147; Paddock v. Brisbois, 35 Ariz. 214, 276 P. 325; and we should not grant mandamus to force a compliance with it.

■ The gist of respondents argument appears to be that Chapter III, § 9 of the charter hereinafter set forth verbatim specifically gives to the city manager and

city council or the city council alone under certain conditions, the power to fix the salaries of fire department employees, and an ordinance initiated by the electors which fixes those salaries and does not qualify as a charter amendment is invalid because it contravenes the power specifically given to the city manager and city council by the charter. Chapter III, § 9 provides that:

"The salaries of the mayor and councilmen, as herein provided, shall commence on the first day of the first month after the adoption of this Charter amendment. The salaries applicable to all other positions in the classified and unclassified civil service may be fixed, increased, decreased or modified by the council only upon recommendation of the city manager; provided, that the council alone at the time it finally adopts the annual budget may fix, increase, decrease or modify the salaries applicable to any position in the classified or unclassified civil service, except the salaries of the mayor and councilmen; * * *."

In interpreting a charter full effect must be given to all of its provisions. City of Phoenix v. Yates, supra. Furthermore, the Phoenix Charter itself Chapter II, § 3 thereof, provides that different expressions of method or power therein shall not effect or modify one another but shall be accumulative, selective, and deemed effective.

Article IV, Part 1, Section 1(8) of the Arizona Constitution, A.R.S., provides that:

"The powers of the Initiative and the Referendum are hereby further reserved to the qualified electors of every incorporated city, town, and county as to all local, city, town, or county matters on which such incorporated cities, towns, and counties are or shall be empowered by general laws to legislate."

Chapter II, § 4 of the city charter provides that:

"The qualified voters of said City shall have the power through the initiative and otherwise, as provided by this Charter, the constitution and laws of the State, *to enact appropriate legislation to carry out and enforce any of the above general powers of the City* or any of the specified powers of the council of said City." (Emphasis ours.)

The general powers of the city as set forth in Chapter II, § 2 of the charter insofar as here material and to which reference is above made provides that:

"Without denial or disparagement of other powers held under the constitution and laws of the State of Arizona, and by virtue of its being continued in the rights, powers and property of 'The Common Council of the City of Phoe-

nix,' the City of Phoenix shall have the further rights and powers, to-wit:

\*    \*    \*    \*    \*    \*

"(1) To install, maintain and operate all necessary works, plants, institutions, departments, offices and systems, proper or convenient, or which may be conducive to the welfare, safety, good health, convenience or improvement, of the City of Phoenix and the inhabitants thereof."

■ This clearly includes within the import of its language the power to maintain and operate a fire department. Fixing the salaries of fire department employees is an integrel part of maintaining and operating a fire department. As above quoted, Chapter II, § 4 of the charter expressly reserves to the voters the power to exercise through the initiative not only all the specified powers of the city council but also *to enact appropriate legislation to carry out, among others, the above general powers of the city expressly enumerated in Chapter II, § 2.* As above stated this includes the fixing of salaries of the employees of the fire department. Chapter III, § 9 of the city charter does not vest in the city council the exclusive power to fix such salaries and in the absence of such an express grant therein to the council or a prohibition upon the power of the people to enact such legislation under the provision of Chapter II, § 4, supra, the people clearly have the power through the initiative process to enact legis-

lation fixing such salaries. Glass v. Smith, 150 Tex. 632, 244 S.W.2d 645.

The practical effect of imposing the same limitations upon the exercise of the power of the voters to fix the salaries of city firemen through the initiative as are imposed upon the power of the city council in that regard by Chapter III, § 9 would be to completely ignore the provisions of Chapter II, § 2(1) and § 4 of the charter. We agree the voters could never exercise this power on their own initiative if its exercise were made to depend upon a recommendation of the city manager or limited to the moment when the city council finally adopts the annual budget. But as above pointed out the powers of the people through the initiative process are not thus limited.

■ Initiatory provisions of a city charter reserving to the electors the right to initiate ordinances should be liberally construed in favor of the power of initiative reserved in the people. Glass v. Smith, supra. Chapter XV of the Phoenix Charter sets forth the proper method for the exercise by the voters of their initiative powers and § 4 thereof, does not impose any limitations on the power of the council to enact an ordinance properly initiated by the electors within the scope of their initiative powers. When the city council enacts an ordinance initiated by the electors under those provisions, Chapter III, § 9 does not circumscribe the power of the council nor render invalid

a salary ordinance so enacted. Chapter III, § 9 simply has no application thereto because the people in the instant case exercised their initiative powers under the provisions of Chapter II, § 2(1) and § 4, supra.

■ Respondents also contend that the provisions of ordinance G–245 render it void because some provisions attempt to bind all future city councils and because some provisions constitute an unlawful delegation of legislative power to a designated labor union. Respondents however do not designate the specific provisions which they consider offensive in this regard. The ordinance contains a severability clause and a reading thereof satisfies us that any possibly offensive provisions may be severed without destroying the purpose and intent of the ordinance. Being satisfied that ordinance G–245 is not wholly void, we decline to pass upon every phrase or sentence therein and postpone judgment on any severable portion of the ordinance until specific circumstances are presented which may directly call a specific provision into question. See Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 413, 291 P.2d 764, 771, and cases cited therein.

The alternative writ of mandamus is hereby made permanent.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.