340 P.2d 997

Fred E. PARRACK, George Brown and James H. Guinn, individually and as members of a class similarly situated, Petitioners,

v.

CITY OF PHOENIX, a municipal corporation; Jack Williams, Mayor; V. A. Cordova, Joseph Madison Greer, John B. Haldiman, David P. Jones, Faith I. North, and Dick Smith, Councilmen; John L. Williams, Finance Director, Frances J. Killius, Auditor, Alice Mosier, Treasurer, and John E. Burke, City Clerk; all of City of Phoenix, a municipal corporation, Respondents.

No. 6640.

Supreme Court of Arizona.

June 24, 1959.

C. A. Muecke, Phoenix, for petitioners

William C. Eliot, City Atty., and Merle L. Hanson, Anis Mitchell, Charles A. Filler, Asst. City Attys., Phoenix, for respondents.

UDALL, Justice.

On September 30, 1958 this court, in an original proceeding, made permanent an alternative writ of mandamus requiring the officers of the City of Phoenix to pay salaries to employees of its fire department in accordance with Ordinance G–245 theretofore adopted by the City Council. See, Parrack v. City of Phoenix, 84 Ariz. 382, 329 P.2d 1103, and the earlier case of Williams v. Parrack, 83 Ariz. 227, 319 P.2d 989. A voluminous motion for rehearing, raising innumerable questions, was filed and, after oral argument, denied.

To date the firemen have received no benefits from the raise in pay provided for in said ordinance—which was adopted because of an initiative petition submitted to the council by the firemen. Even though the firemen "won this battle" for higher wages they "lost the war" in the end because at a special municipal election held on November 25, 1958, the electors of the city of Phoenix overwhelmingly voted to

repeal Ordinance G–245. However, the ordinance was in force and effect from March 6, 1958 to December 2, 1958, and it is the amounts due thereunder to its hundreds of employees for this period of time that is unresolved.

The parties being apparently unable to agree on the matter, the petitioners on February 17, 1959 obtained from this court an order to show cause why the city should not comply with the peremptory writ of mandamus theretofore issued. A response was filed to such order, wherein the city again seeks to raise many of the same questions already determined and in addition is pressing the issue that the ordinance is so vague and ambiguous as to be unenforceable and hence—is void in its entirety. Considering the over-all picture we are not impressed with this contention nor are we disposed to again review any of the issues heretofore decided. In the latest Parrack opinion, supra, we stated:

"* * * Being satisfied that ordinance G–245 is not wholly void, we decline to pass upon every phrase or sentence therein and postpone judgment on any severable portion of the ordinance until specific circumstances are presented which may directly call a specific provision into question." 84 Ariz. at page 387, 329 P.2d at page 1107.

The instant controversy not having been tried in the lower court, we have in the main only general queries and not specific circumstances to deal with insofar as the rights of individual employees or groups are concerned. If such details are to be settled by judicial action it would necessitate either relegating the parties to another superior court action or the appointment of a special master to hear testimony and settle all questions of fact. Such action, in fairness, we feel is not warranted. A further cogent reason for not attempting a minute analysis of the ordinance is that it has been repealed and the City of Phoenix will not have to operate under it in the future.

To aid the City in carrying out our mandate, and to enable the parties in effecting a settlement of the amount due the firemen, we find there are certain questions of law now presented that can properly be determined on the record before us, viz.: the applicable "basic wage", the budgetary problem and the effective date:

*Minimum Basic Wage*

The first section of the ordinance is devoted to definitions. Section 1(h) reads:

"Definitions. (h) 'Basic Wage' shall mean not less than $2.05 per hour, *or the contract rate provided for common laborers in the construction industry in and adjacent to the City of Phoenix as determined by collective bargaining contracts between the Associated Building Contractors and Construction, Production and Maintenance Laborers'*

*Union Local No. 383, A. F. of L., whichever sum be the greater."* (Emphasis supplied.) and section 3 provides:

"Provision for increases of basic wage in accordance with increases in prevailing wage of common laborers. The basic wage herein provided for shall not be less than $2.05 per hour, *plus such additional amount as to equal the hourly pay rate of common laborers in the construction industry in and adjacent to the City of Phoenix on June 1 of each year hereafter."* (Emphasis supplied.)

■ The City contends that under these provisions it is impossible (a) to ascertain the "minimum basic wage", and (b) that the italicized portions thereof is an unauthorized delegation of legislative power and therefore void. We agree with this latter contention. The courts throughout the nation have universally condemned attempts to delegate municipal legislative power to private groups, to fix wages or hours. See, City of Los Angeles v. Los Angeles Bldg. & Const. Trades Council, 94 Cal.App.2d 36, 210 P.2d 305; State ex rel. Everett Fire Fighters, Local No. 350 v. Johnson, 46 Wash.2d 114, 278 P.2d 662; Adams v. City of Albuquerque, 62 N.M. 208, 307 P.2d 792; Mugford v. Mayor and City Council of Baltimore, 185 Md. 266, 44 A.2d 745, 162 A.L.R. 1101.

The ordinance, however, contains a severability clause to the effect that if any provision is held invalid, such declaration shall not affect the remainder. We hold therefore that the basic minimum wage rate of $2.05 per hour is separable and controlling, even though the other provisos are deleted. See, McQuillin, Municipal Corporations, Vol. 6, 3rd Ed., Section 20.64, see pages 150 and 155; Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658.

■ It will be noted that the period, March 6th to December 2d, 1958 (during which time ordinance G–245 was in effect), covers a part of two different fiscal years. The City points out that obviously no provision was made in its budget for the fiscal year 1957–1958 to cover the increased wages due for the period March 6th to June 30th, and hence in any event it asserts the ordinance, if held valid, should not be construed to make the salary increases effective prior to July 1, 1958. Furthermore it appears that the City failed to make budgetary provision for the increased salaries due in the fiscal year 1958–1959. Because of the matter of budget limitations the City now contends it is unable to pay the increases due under the terms of the ordinance. We are not impressed with either contention. Had the city council, when it passed ordinance G–245 in February, 1958, faced realities it could doubtless have obtained leave from the State Tax Commission to exceed its budget for that

fiscal year under the provisions of A.R.S. §§ 42–304 and 42–308. The record before us does not disclose what amounts, if any, the city council included in the next year's budget to meet this obligation. If no provision was made or an adequate sum included therein it is inexcusable. The ordinance in question expressly provides:

"Section 9. Duty to make necessary appropriations. It shall be the duty of the officers of the City of Phoenix, including the mayor and council of said city, to make an annual appropriation of funds sufficient to pay the employees of the fire department of the said city the minimum wages provided for in this ordinance."

In the case of State ex rel. Pike v. City of Bellingham, 183 Wash. 439, 48 P.2d 602, 606, the Supreme Court of Washington was confronted with an analogous situation, and the following pronouncement in disposing of a similar contention, we believe, is apropos here:

" * * * it is argued, first, that if Ordinance No. 4941 was valid, it was not self-executing, but required legislation by the council to make it effective. Here, again, the budget law is invoked; the implication being that if the council did not make the necessary budget provision and appropriation, the ordinance would be inoperative. But we think a sufficient answer to this contention is that, the ordinance being valid, it was the duty of the council to include the necessary funds in the budget. The council could not, by its inaction, defeat the right of the respondents to the measure of pay they were entitled to under the ordinance.

"Nor do we think the respondents are estopped by not having challenged, before the council at budget-making time, the sum allocated for payment of their salaries. The respondents were entitled to their salary warrants. How those warrants were to be met was for the council to determine. * * *."

The budget law of the State of Arizona and its effect on home rule or charter cities has been considered by this court on many occasions. City of Phoenix v. Kidd, 54 Ariz. 123, 94 P.2d 428; City of Tucson v. Tucson Sunshine Climate Club, 64 Ariz. 1, 164 P.2d 598. The record does affirmatively show that the petitioners have not slept on their rights, as they have vigorously and continuously sought their remedy both before the city council and in the courts.

There is no factual predicate upon which we could safely decide the other technical questions raised by the City's response to the order to show cause. We once again uphold the validity of the ordinance in question and fix the date of its effectiveness as of March 6, 1958.

We believe that if the well established rules of statutory construction are, *in good faith,* followed in interpreting and putting into effect this ordinance there should be no further difficulty experienced by the parties in reaching an agreement as to the amounts due the firemen of the City of Phoenix. Another budget time is fast approaching. The mandate of this court must now be carried into effect.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.