[Civ. No. 7005. Fourth Dist. Jan. 21, 1963.]

FAYE IVENS, Plaintiff and Appellant, v. NATHAN A. SIMON, as City Councilman, etc., et al., Defendants and Respondents.

178

Richman, Garrett & Ansell and Lionel Richman for Plaintiff and Appellant.

Donald S. Gillespie, Hollis G. Hartley and William A. Flory for Defendants and Respondents.

COUGHLIN, J.—This is an appeal from a judgment after order sustaining a general demurrer without leave to amend. The plaintiff, who is the appellant herein, by a first amended complaint as to a third cause of action against the City of Fontana and its council, the defendants and respondents herein, alleged: That, in 1954, the defendants employed Kroeger Associates to propose a classification and pay plan for the city's employees; that, pursuant thereto, Kroeger Associates presented its recommendation in the premises through a document entitled "Position Classification Plan"; that, as a part thereof, under a subheading entitled "Administration of the Pay Plan" it was provided that employees "shall be paid on a 'five step' basis"; that the provisions in question in part read as follows:

"The five steps of the pay ranges should be used as follows:

"a. The A step is the minimum and normal hiring rate. New employees should start at the first step unless they are already receiving more for employment in another City classification. The Council should have authority, upon the recommendation of the Personnel Commission, to start a new employee at the second or third step if it is impossible to recruit at the first step, in which case all employees in the class should be paid at least as much as the newcomer.

"b. The B step is available for employees who have worked successfully for six months . . . .

"c. The C step is available for those employees who have worked successfully for eighteen months . . . .

"d. The D step is available for those employees who have worked successfully for one year at step C . . . .

"e. The E step is available for those employees who have worked successfully for two years at step D and are certified by their department head as meriting the increase. This is

the maximum for the class above which no employee should be advanced while his class is allocated to the range.

"The increases outlined should be made effective at the beginning of the first pay period following completion of the time intervals listed.";

that thereafter, by resolution, the foregoing document was adopted by the defendants "and the recommendation thereof made mandatory"; that the plaintiff was an employee of the city of Fontana; that, prior to January 1, 1961, she had worked successfully as a Senior Steno-Clerk at Step D and had been certified by her department head and the personnel board as meriting an increase to step E; and that the defendants have refused to increase the plaintiff's compensation and pay her in accord with the E step rating. By this complaint the plaintiff petitioned for a writ of mandate to compel the defendants to compensate her on an E step basis.

In support of the order sustaining their general demurrer, the defendants contend that the placement of the plaintiff in step E was a matter within their discretion and, for this reason, is not subject to control by the courts through mandamus proceedings, citing *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 326 [253 P.2d 659], and other cases stating this general rule. The decisive issue for determination, therefore, is whether, under the resolution adopting the Kroeger Associates' proposed classification and pay plan, the placement of the plaintiff in step E is within the discretion of the city council.

The City of Fontana is a city of the sixth class. (See *Cozzolino* v. *City of Fontana,* 136 Cal.App.2d 608, 609 [289 P.2d 248].) Its city council has the duty and authority to fix the compensation payable to its employees. (*Mitchell* v. *Walker,* 140 Cal.App.2d 239, 242 [295 P.2d 90].) This may be done by resolution. (Gov. Code, § 36506.) There can be no doubt that the council, by its resolution in the instant matter, purported to adopt a classification and pay plan. The plaintiff accepted employment as a city employee under the plan so adopted; its provisions formed a part of her contract of employment (*Buck* v. *City of Eureka,* 109 Cal. 504, 508, 509 [42 P. 243, 30 L.R.A. 409]; cf. *Kern* v. *City of Long Beach,* 29 Cal.2d 848, 852 [179 P.2d 799]; *Abbott* v. *City of San Diego,* 165 Cal.App.2d 511, 517 [332 P.2d 324]); and, purportedly, it fixed the wage scale by which her compensation was to be measured. The defendants contend that,

nevertheless, the plan in question retains in the city council a discretionary authority to advance an employee from one step to another. This contention is based upon an interpretation of those parts of the plan which state, among other things, that the designated steps are "available" for those employees who have complied with certain time and recommendation requirements; that use of the term "available" is not a mandate to council action; and, in substance, that the resolution adopting the plan merely defines certain steps into which an employee may be placed by council action. The complaint alleges that the proposed plan "provided that employees *shall be paid* on a 'five step' basis." (Italics ours.) This allegation, which is admitted by the general demurrer for its purpose, positively states that, under the proposed plan, the employee shall be paid on a five step basis; not on a four step basis; and not on a step basis that the council, in the exercise of its discretion, might dictate in each individual case. This interpretation conforms to a consideration of the plan as a whole and to the apparent object for its adoption. Paragraph "a" of the proposal, which heretofore has been set forth in full, suggests that the city council "should have authority, upon the recommendation of the personnel commission, to start a new employee at the second or third step if it is impossible to recruit at the first step, in which case all employees in the class should be paid at least as much as the newcomer." Obviously, if, as contended by the defendants, the matter of placement in a particular step is subject to the further exercise of discretion by the council in each case, there would be no need for making the foregoing reservation of authority. Equally obvious is the conclusion that if the council were to exercise a discretion respecting the step placement of each employee, it should not be required to pay all of the employees in a class the same salary as that given a starting employee who, for example, was placed in the C class at the time of first employment. The plan as proposed, and adopted, provided that "increases should be made effective at the beginning of the first pay period following completion of the time intervals listed." No reference is made to an exercise of discretion by the council in determining the effective date of an increase. If the proposed classification and pay plan did not contemplate that a resolution adopting it should be considered as a present exercise of the council's discretion in the premises respecting all employees of the city as a group, surely it would not have suggested an effective date for all increases regardless

of the time when the council might act individually on the step advancement of each employee. The term "available" as used in the document proposing the adoption of a plan for the payment of compensation to the city's employees on a five step basis should be interpreted in the light of its use, i.e., as part of a proposal. When Kroeger Associates, in this document, stated that the five steps of pay ranges "should be used" in the manner thereafter described, they were proposing that the five steps should be adopted for use in that manner. Likewise, when they stated therein that the increases provided for by their plan "should be made effective" at designated times, they proposed that the times so designated should be those adopted for the payment of such increases. So also, when they stated that certain steps would be "available" to employees who had worked successfully for designated times and were certified as meriting an increase, they proposed that the requirements for the step ratings outlined by them as being "available" should be adopted as the basis upon which step increases in compensation would be made. Stated otherwise, when the document in question suggested that, under the plan outlined therein, a particular step raise "is available" it proposed the use of alphabetically identified step raise classifications for employees having the qualifications so noted, in order to effect step increases in compensation within the limits of a predesignated salary range. By its resolution adopting the plan in question, the city council did what Kroeger Associates proposed it should do. At that time the council exercised its discretion in the premises. Nowhere in the subject document is it suggested that the proposed classification and pay plan should be applied to some employees and not to others. The defendants' contention to the contrary is without reason.

Where the construction of a statute is necessary, it should be interpreted so as to produce a result that is reasonable (*Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620, 630 [197 P.2d 543]); the courts must look to its context and, where uncertainty exists, consideration should be given to the consequences that will flow from a particular interpretation (*Estate of Ryan,* 21 Cal.2d 498, 513 [133 P.2d 626]; *Stockton School Dist.* v. *Wright,* 134 Cal. 64, 68 [66 P. 34]; *Meyer* v. *Board of Trustees,* 195 Cal.App.2d 420, 430 [15 Cal.Rptr. 717]; *Jaynes* v. *Stockton,* 193 Cal.App.2d 47, 56 [14 Cal.Rptr. 49]); its apparent purpose will not be sacrificed to a literal construction (*Select Base Materials* v. *Board of Equalization,*

51 Cal.2d 640, 645 [335 P.2d 672]; *San Bernardino Fire &
Police Protective League* v. *City of San Bernardino,* 199 Cal.
App.2d 401, 410-414 [18 Cal.Rptr. 757]); instead, that in-
terpretation which will effect such purpose should be adopted.
(*Select Base Materials* v. *Board of Equalization, supra,* 51 Cal.
2d 640, 645; *Dickey* v. *Raisin Proration Zone No. 1,* 24 Cal.2d
796, 802 [151 P.2d 505, 157 A.L.R. 324].)

The apparent purpose in adopting a classification and pay
plan for city employees is to provide uniformity of considera-
tion respecting the amount of compensation payable to them;
to designate not only a predetermined wage scale, but also a
predetermined advancement program; and to eliminate the
necessity of current council action to fix the status of each city
employee. In the instant case, if the city council had intended
to reserve to itself the authority to classify each city employee
through separate council action, there would have been no
purpose in adopting the proposed classification plan. A
council exercises its discretion in the premises when it adopts
such a plan. Any further exercise thereof would require
additional council action which would either revamp that plan
or change a classification or status previously attained by
compliance with the standard prescribed thereby.

In the case at bar the terms of the plaintiff's em-
ployment by the city are fixed by the resolution adopting the
subject classification and pay plan; under these terms she has
attained the E step status in her class; and, under the terms
of her employment, as they now exist, she should be paid
accordingly. The amended complaint before us states a cause
of action in mandamus to direct future action of the council
under the existing employment agreement. (*McAlpine* v.
*Baumgartner,* 10 Cal.2d 409, 413-414 [74 P.2d 753]; *San
Bernardino Fire & Police Protective League* v. *City of San
Bernardino, supra,* 199 Cal.App.2d 401, 407.) The complaint
does not state a cause of action to compel payment of com-
pensation accrued (*Tevis* v. *City & County of San Francisco,*
43 Cal.2d 190, 200 [272 P.2d 757]; *San Bernardino Fire &
Police Protective League* v. *City of San Bernardino, supra,*
199 Cal.App.2d 401, 407.) Nevertheless, a cause of action
having been stated, the order sustaining the defendants' gen-
eral demurrer was improper.

Appellant has attached an exhibit to her brief which
is not a part of the record before this court. Respondents
object thereto as a violation of rule 13 of California Rules of

Court.* The objection is well taken. We have disregarded the exhibit. Although suggested by respondents, we do not feel that the violation in question merits a dismissal of the appeal.

The judgment is reversed.

Griffin, P. J., concurred.

*Formerly Rules on Appeal, rule 13.