480 P.2d 27

Vane M. RENGSTORF, Thomas Brittain, Roy J. Stewart, Lynn Lawson, David Dale, Elmer J. Paylor, John M. Andrade, Harold Wentz and Carlton Pitts, Appellants,

v.

CITY OF GLENDALE, a municipal corporation, Appellee.

No. 1 CA–CIV 1284.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 1, 1971.

Rehearing Denied Feb. 23, 1971.

Review Denied April 6, 1971.

———◆———

Cunningham, Goodson, Tiffany & Weltsch, Ltd., by James P. Cunningham, Phoenix, for appellants.

Biaett & Bahde, by Kenneth Biaett, Phoenix, for appellee.

STEVENS, Presiding Judge.

The appellants were the plaintiffs in the trial court. They are all employed in the Fire Department of the City of Glendale. Some of the appellants were employed in April 1963, and others in September 1964.

The suit was filed on 1 February 1968 and it was tried to the Court without a jury on 22 July 1969. The plaintiffs sought to recover money which they claimed was due to them for wages. The trial court entered a judgment adverse to the plaintiffs and they have appealed. The plaintiffs base their claims upon certain ordinances, personnel rules and salary ranges. The base date for those employed in September 1964 was changed in the month of April 1966 to the month of April. Apparently the month of April is uniformly used regardless of the actual date of employment.

The City of Glendale is a charter city and employs a city manager. Article IV of the Charter provides that:

"*The council shall provide for the* number, titles, qualifications, powers, duties and *compensation of all* officers and *employees of the city*." (Emphasis added.)

The Charter further provides that:

"The council shall, by ordinance, provide for the establishment of a merit system for * * * employees of the city * * *."

Ordinance number 148, New Series, was adopted in November 1954. The Ordinance provides, in part:

"Sec. 10. This ordinance shall be known as the Personnel Ordinance.

"Sec. 11. It is hereby the declared personnel policy of the City that:

\*    \*    \*    \*    \*    \*

11.3 Positions having similar duties and responsibilities shall be classified and compensated on a uniform basis. * * *."

Section 60 of the Ordinance directed that a pay plan be prepared by the "Personnel Director, under the direction of the City Manager and Personnel Board." This Section and the sections immediately following made it clear that the pay plan was not binding on the Council unless adopted by the Council.

Ordinance number 148, New Series, was amended in March 1963 by Ordinance number 336, New Series. Therein the matter of compensation was treated as follows:

"Sec. 60. The Personnel Director, under the direction of the City Manager and Personnel Board, and in consultation with the Finance Director, shall prepare a pay plan and rules for its administration. The range or steps for each class shall be such as to reflect fairly the dif-

ferences in duties and responsibilities and shall be related to compensation for comparable positions in other places of public and private employment.

"Sec. 61. The Personnel Director shall submit to the City Manager and the Personnel Board for their approval or alteration the pay plan, rules for its administration and the job classes. The Council may adopt the plan, the rules and the job classes as submitted with or without amendment.

"Sec. 62. After the pay plan, the rules for its administration, and the job classes have been adopted by the Council, the Personnel Director shall assign each job class to one of the pay ranges provided in the pay plan."

Personnel regulations were promulgated and these were adopted by resolutions enacted by the City Council. These regulations do not contain the pay plans in question in this litigation.

The employees of the City were placed in various classifications and pay scales prepared by the Personnel Department after a consultation with the City Manager. In relation to hosemen, in the Fire Department, we find the following pay scales:

| As of 1 July | Base Pay | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 |
|---|---|---|---|---|---|---|
| 1961 | $380 | $400 | $420 | $440 | $460 | $480 |
| 1964 | 420 | 440 | 460 | 480 | 500 | 525 |
| 1965 | 450 | 470 | 490 | 513 | 538 | |
| 1967 | 490 | 513 | 538 | 563 | 588 | |
| 1968 | 502 | 526 | 551 | 577 | 603 | |
| 1969 | 551 | 577 | 603 | 630 | 661 | |

It is important to note that none of these pay scales were actually adopted by the City Council by ordinance or by resolution. How, then, were they used? Prior to the adoption of each annual budget, the City Manager and the City Council met in workshop sessions. The City Manager would inform the Council as to the number of firemen in each pay classification and by that method the budget figure for pay for city firemen would be determined.

In the foregoing table each "step" was considered to be one year of service. The plaintiffs contend that each year it was

their right to have a pay progression to the next step, with certain exceptions not material here. They also urge that as each new pay range was promulgated they were entitled to both the pay range change and the step-up increase. The evidence disclosed that at no time was any fireman reduced in wages even though the wages paid under the new pay range table might be for one lower step.

The City Manager explained that the basic problem was a matter of city finances.

The plaintiffs rely strongly upon the case of Ivens v. Simon, 212 Cal.App.2d 177, 27 Cal.Rptr. 801 (1963). In our opinion the crucial statements in the Ivens case are as follows:

"There can be no doubt that the council, by its resolution in the instant matter, purported to adopt a classification and pay plan. The plaintiff accepted employment as a city employee under the plan so adopted; its provisions formed a part of her contract of employment (Citations Omitted); and, purportedly, it fixed the wage scale by which her compensation was to be measured."

And

"A council exercises its discretion in the premises when it adopts such a plan." 212 Cal.App.2d at 179 and 182, 27 Cal. Rptr. at 803 and 805.

In our opinion the Ivens decision is not applicable to the case under consideration. The council of the City of Glendale has not, by official action, adopted any of the several pay ranges set forth in the above table nor has it, by official action, committed itself to annual step increases.

The plaintiffs urge the applicability of each of the following cases; City of Glendale v. Dixon, 51 Ariz. 206, 75 P.2d 683 (1938); City of Phoenix v. Powers, 57 Ariz. 262, 113 P.2d 353 (1941); Parrack v. City of Phoenix, 86 Ariz. 88, 340 P.2d 997 (1959); and Yeazell v. Copins, 98 Ariz. 109, 402 P.2d 541 (1965). We briefly state the reasons for our belief that the above cases do not apply to the case at bar. In the Glendale case, a State statute was in-

volved. On page 266 of 57 Ariz. (113 P.2d at 354), in the City of Phoenix case, our Supreme Court stated:

"It is provided in section 3 of Ordinance No. 715 of the city that the Civil Service Board may make rules for the classified service, which shall have the force and effect of law when approved by the City Commission."

The opinion is silent as to whether the City Council took the official action necessary to approve the Civil Service Rules. It is our belief that it is inherent in the Supreme Court's opinion that the City Council did take such action. In Parrack, the Supreme Court considered a pay raise which had been granted by a duly enacted city ordinance. In Yeazell, a State statute was involved.

We hold that the record does not establish that the City Council of the City of Glendale, by its official act, adopted any of the pay ranges quoted earlier in this opinion. The record shows that the plaintiffs were fairly and uniformly treated.

The judgment in favor of the City of Glendale is affirmed.

CASE and DONOFRIO, JJ., concur.