[No. AO22705. First Dist., Div. Two. Nov. 16, 1983.]

Estate of DOROTHY T. COTTLE, Deceased.
KENNETH CORY, as State Controller, Petitioner and Appellant, v.
HARRY J. KAPLAN, as Executor, etc., Objector and Respondent.

**COUNSEL**

Myron Siedorf and John D. Schell for Petitioner and Appellant.

Harry J. Kaplan, in pro. per., for Objector and Respondent.

**OPINION**

**MILLER, J.**—Kenneth Cory, State Controller (Controller), appeals from a decision of the superior court overruling his objection to the amended report of the inheritance tax referee with respect to the estate of Dorothy T. Cottle (Cottle). The sole issue presented on appeal is whether the provisions of Revenue and Taxation Code section 13957 (section 13957) are operative for the estates of persons dying after December 31, 1974.

Cottle died on December 7, 1981. The original report of the inheritance tax referee reported total tax due the state in the amount of $1,691,614.04. The executor, Harry J. Kaplan, objected to that report on the ground that the referee had not valued the principal asset of the estate, approximately 70 acres of land, under the provisions of section 13957 although the executor had requested such valuation. After a hearing, the court ruled that the provisions of section 13957 apply to the estates of persons dying both before and after December 31, 1974, and ordered the referee to value the property in accordance with that section.

The referee thereafter filed an amended report, valuing the property pursuant to section 13957 and reporting total tax due the state in the amount of $380,412. The Controller objected to the amended report on the ground that the provisions of section 13957 are not operative for the estates of persons dying after December 31, 1974. The objection was overruled and this appeal followed.

Section 13957, prescribing an optional method of valuing properties subject to open-space restrictions under the Williamson Act (Gov. Code,

§ 51200 et seq.), was added to the Revenue and Taxation Code by the Statutes of 1970, chapter 1453, section 1. Chapter 1453 contained three sections, the full text of which are set forth in the margin.[1] Section 2 thereof declared the legislative intent that section 13957 be operative only during a transitional period, and section 3 provided that the act would not be operative for the estates of any persons dying after December 31, 1974 (hereafter the expiration date).

In 1973 section 13957 was amended to change the word "appraiser" to the word "referee." (Stats. 1973, ch. 78, § 9, p. 135.)[2] Chapter 78 contained 25 sections and was entitled "[a]n act relating to the maintenance of various codes . . . ." It amended various provisions of the Public Utilities Code, the Revenue and Taxation Code and the Vehicle Code. The executor argues, and the court below apparently agreed, that because section 3 of chapter 1453 was not repeated in chapter 78, it was repealed. We do not agree and accordingly reverse the order overruling the objection to the amended report.

■ The Controller contends that chapter 78 in no way affected section 3 of chapter 1453, and that the legislative intent, which was to make no substantive changes in the law in enacting chapter 78, supports that construction. The executor contends that in enacting chapter 78, the Legislature amended section 13957 and expressly omitted therefrom the expiration date,

---

[1]Chapter 1453 provided as follows: "SECTION 1. Section 13957 is added to the Revenue and Taxation Code, to read:

"13957. The provisions of this section are optional and may be used for the valuation of an estate where applicable. At the request of the executor or administrator of an estate, the inheritance tax appraiser shall value according to this section.

"Any land which is valued pursuant to Section 423 or 423.5 for property tax purposes shall be valued by identical methods for purposes of this part unless there are at least five sales of land qualifying as comparable. In order to be considered comparable, the sales shall be sufficiently near in time to the date of valuation and the properties sold shall be located sufficiently near the property being valued, and shall be sufficiently alike in respect to character, size, situation, usability, and enforceable restrictions to make it clear that the properties sold and the property being valued are comparable in value and that the cash equivalent price realized for the properties sold may fairly be considered as shedding light on the value of the property being valued. If the sold properties are in another county, comparability shall include similar controls of the administration of the open-space enforceable restrictions as the county where the land being valued is located.

"SEC. 2. It is the intent of the Legislature in enacting Section 1 of this act to prescribe a method of valuing properties subject to enforceable restrictions during the transitional period from the time when there are not enough sales of such properties to constitute an actual market to the time when there are sufficient sales to constitute an actual market for such properties.

· "SEC. 3. This act provides for a tax levy within the meaning of Article IV of the Constitution and shall go into immediate effect. This act shall not be operative for the estates of any persons dying after December 31, 1974." (Stats. 1970, ch. 1453, p. 2844.)

[2]Chapter 1453 of the 1970 Statutes is hereafter referred to as "chapter 1453," and chapter 78 of the 1973 Statutes is hereafter referred to as "chapter 78."

thereby repealing the expiration date; that article IV, section 9 of the California Constitution and Government Code section 9605 require that construction; and that the legislative intent was not to make only nonsubstantive changes through the enactment of chapter 78.

The executor erroneously treats chapter 1453 as only *one section,* section 13957 of the Revenue and Taxation Code. Chapter 1453 actually consisted of three sections. (See fn. 1, *ante.*) Section 1 of that chapter did add section 13957 to the Revenue and Taxation Code. Sections 2 and 3, declaring legislative intent and providing for the expiration date, respectively, were uncodified provisions.[3] They were not made part of the Revenue and Taxation Code. Section 9 of chapter 78 amended only section 13957 of the Revenue and Taxation Code, which had been added by section 1 of chapter 1453. It did not affect the uncodified provisions contained in sections 2 and 3 of that chapter.

Neither article IV, section 9 of the Constitution nor Government Code section 9605 requires a different result. ■ Article IV, section 9 provides in relevant part "[a] section of a statute may not be amended unless the section is re-enacted as amended." In construing a similar provision of former article IV, section 24 of the Constitution,[4] the court in *People* v. *Western Fruit Growers* (1943) 22 Cal.2d 494, 501 [140 P.2d 13], held that "[T]he Legislature may use either an existing statute or a section of it as the basis for changing an existing law. The decision as to which unit shall be used is one to be made by the Legislature in its discretion. . . . The determination of the Legislature will not be questioned by the courts . . . ." The language in the title and in each section of a new enactment may often disclose which unit, act or section, the Legislature used. (*Id.,* at p. 502.) Where the only portion of an act which is amended is one section thereof, all the Constitution requires is that the whole of that section be reenacted and published as amended. (*Estate of Campbell* (1904) 143 Cal. 623, 627 [77 p. 674] [also construing former art. IV, § 24 of the Constitution].)

■ Here, chapter 78 was declared in its title to be an act relating to the maintenance of various *codes.* (Stats. 1973, ch. 78, p. 133.) Section 9 recited that it amended *section* 13957 of the Revenue and Taxation *Code.* (*Id.,* at p. 135.) Section 13957 was reenacted as amended. The unit the Legislature chose to amend was one section of a code, not the entire act

---

[3]Sections limiting the length of time during which a statute remains operative are frequently not codified. (See Report on Legislation Necessary to Maintain the Codes (Office of the Legislative Counsel, 1954), p. 4.)

[4]Former article IV, section 24 of the Constitution provided in relevant part "[T]he act revised or section amended shall be reenacted and published at length as revised or amended. . . ."

contained in chapter 1453. Thus it did not repeal sections 2 and 3 of chapter 1453 in enacting chapter 78.

Government Code section 9605 is equally unavailing to the executor. It provides in relevant part that "Where a section or part of a statute is amended, *it* is not to be considered as having been repealed and reenacted in the amended form. The portions which are not altered are to be considered as having been the law from the time when they were enacted; the new provisions are to be considered as having been enacted at the time of the amendment; and the omitted portions are to be considered as having been repealed at the time of the amendment." (Italics added.) The executor deems the pronoun "it" in the first sentence of this section to apply to the antecedent "statute," as opposed to applying to the antecedent "section" or "part." Such an interpretation would lead to absurd results, for every time the Legislature sought to amend a section of a code it would be required to restate all sections of the act which had enacted the section in question, a task which would often encompass dozens of sections and obviously be unmanageable for the legislative body. ■ A statute should be interpreted to produce a result which is reasonable. (*Ivens* v. *Simon* (1963) 212 Cal.App.2d 177, 181 [27 Cal.Rptr. 801].) ■ We therefore hold that Government Code section 9605, correctly read, provides that if a *section* of a statute is amended and a portion of the *section* is omitted, that portion is repealed. It does not require that an amendment of one section of a statute result in the repeal of all other sections of the original enacting statute which are not restated in the amendatory act.

■ The executor seeks to rely upon *Rudley* v. *Tobias* (1948) 84 Cal.App.2d 454 [190 P.2d 984], and *Shearer* v. *Flannery* (1924) 68 Cal.App. 91 [228 P. 549]. Neither is supportive of his position. In both cases an amendment was made to one section of a code and omitted portions were deemed repealed. The amendments did not repeal provisions of law which had not been part of the former or predecessor code sections involved.

Finally, an examination of legislative intent discloses that chapter 78 was not intended to repeal the expiration date set forth in chapter 1453. The Thirteenth Report on Legislation Necessary to Maintain the Codes submitted to the Legislature by the Office of the Legislative Counsel, pursuant to Government Code section 10242, on December 31, 1972, recommended, inter alia, that the term "appraiser" be changed to "referee" in sections 13957, 14533 and 16537 of the Revenue and Taxation Code (at p. 19). The report described the recommendations contained therein as "for nonsubstantive changes in the statutes." (*Id.*, at p. 2.) Such recommendations comport with the requirement of Government Code section 10242 that "The

Legislative Counsel shall advise the Legislature from time to time as to legislation necessary to maintain the codes. . . . Such recommendations shall include such restatement *without substantive change* as will best serve clearly and correctly to express the existing provisions of the law." (Italics added.)

Chapter 78 was enacted in 1973. The Fourteenth Report on Legislation Necessary to Maintain the Codes (Office of the Legislative Counsel, Mar. 31, 1974, p. 3) reported that chapter 78 of the 1973 Statutes was one of the bills enacted for correction of errors specified in the prior report. Thus it is clear that chapter 78 was intended to change only the term "appraiser" to "referee" in section 13957 as part of a routine code maintenance bill, not to bring about any substantive change such as the repeal of the expiration date set forth in section 3 of chapter 1453.

The order overruling the Controller's objection to the amended report of the inheritance tax referee is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Rouse, Acting P. J., and Smith, J., concurred.

A petition for a rehearing was denied December 16, 1983, and respondent's petition for a hearing by the Supreme Court was denied January 19, 1984.