SCHRYVER et al., Respondents and Cross Appellants
v.
SCHIRMER et al., Appellants and Cross Respondents

(171 N.W.2d 634)

(File Nos. 10708, 10711.  Opinion filed **October 22, 1969**)

**Willy, Pruitt & Matthews, Gene E. Pruitt,** Sioux Falls, for petitioners and respondents and cross appellants.

**Russell R. Greenfield,** Sioux Falls City Atty., Sioux Falls, for defendants and appellants and cross respondents.

HOMEYER, Judge.

This appeal and cross appeal involves the constitutionality of an initiated salary ordinance[1] passed by the electorate of the

---

Section 1. That the policemen and firemen in the City of Sioux Falls, Minnehaha County, South Dakota, designated as first class firemen and first class patrolmen shall be paid and receive compensation for employment for each calendar year commencing with the year 1969 and for each subsequent year in accordance with the following plan: The basic monthly pay rate for first class firemen and first class patrolmen in each of said years shall be 83% of the average of the basic hourly rate, exclusive of fringe benefits, multiplied by 173.33, of the following trade scales in the Sioux Falls, South Dakota area as of September 1, 1968, and such pay to be effective January 1, 1969: Electricians, Plumbers, Sheet Metal, Bricklayers, Carpenters, Oper. Engineers, Painters, Plasterers. The basic monthly pay rate as provided herein shall be computed as of September 1st of each year and shall become effective January 1st of each succeeding year.

Section 2. The pay of department personnel in each of the positions set forth below shall be increased in each of such years by the percentage of increase received by first class firefighters and patrolmen under Section 1 hereof: **FIRE DEPARTMENT,** Chief, Assistant Chief, Fire Prevention Chief, Captain, Chauffeur Engineer, Firemen, Fire Equipment Mechanics, Chief's Secretary, **POLICE DEPARTMENT,** Police Chief, Major, Captain, Lieutenant, Sergeant, Detective, Patrolman, Matron, Dispatcher.

Section 3. Nothing herein shall be construed as repealing, amending, modifying or affecting in any way the longevity pay. Ordinance, number 2.228, as last amended

Adopted this 18th day of March, 1968.

/s/ EARL J. McCART
Acting Mayor

ATTEST:
G. L. SUTTON, City Auditor
By: /s/ F. L. TIEMYER
    Deputy City Auditor"

City of Sioux Falls at a municipal election held on April 9, 1968. The defendant city officials refused to comply with the ordinance and the present proceeding was brought by petitioners on behalf of themselves and all other members of the fire and police departments to compel the city by writ of mandamus to comply with such ordinance. Defendants have challenged the ordinance as unconstitutional and void in its entirety. The trial court found as unconstitutional that portion which provides for computing the basic monthly pay rates in the manner set forth in the ordinance subsequent to September 1, 1968, but held it valid for the pay rate to be determined as of that date. In these appeals the defendants again assert the total invalidity of the ordinance and petitioners contend the trial court erred in holding it void in part.

As grounds of unconstitutionality defendants assert (1) the initiated ordinance unlawfully delegates legislative power, (2) it delegates power in the area of salary determination contrary to the constitution and statutes of this state, and (3) it delegates legislative power without prescribing adequate standards making it invalid.

■ ■ The doctrine that a legislative body may not abdicate its essential power to legislate or delegate that power to any other department or body is well established in this state. S.D.Const. Art. III, § 1, Brookings County v. Murphy, 23 S.D. 311, 121 N.W. 793; Boe v. Foss, 76 S.D. 295, 77 N.W.2d 1; State ex rel. Oster v. Jorgenson, 81 S.D. 447, 136 N.W.2d 870. While we have said a quasi legislative power and function can be delegated provided the legislature adopts adequate standards to guide its delegate, a purely legislative power cannot be constitutionally delegated. Boe v. Foss, supra.

■ A municipal corporation is a creature of the state and it has no power except such as granted by the constitution and the statutes or such as is incidental thereto. S.D.Const. Art. X, § 1, Robbins v. Rapid City, 71 S.D. 171, 23 N.W.2d 144. The fixing of salaries of municipal officers and employees is a legislative function, State ex rel. Martin v. Eastcott, 53 S.D. 191,

220 N.W. 613, and the rule against delegation of legislative power and authority is applicable whether the law is enacted by the legislature or arises through use of the initiative process. State of Washington ex rel. Everett Fire Fighters, Local No. 350 v. Johnson, 46 Wash.2d 114, 278 P.2d 662.

Counsel have cited no precedent directly in point and in our research we have found none. Attempts have been made to analogize this ordinance with prevailing wage laws enacted in some states requiring that workmen on public works be paid the prevailing or current rate of wages. The power of the state and its creations to enact such laws and ordinances has generally been upheld. See Annot., 18 A.L.R.3d 946. It is readily apparent that the object and intent of the ordinance is to require the municipality to pay its firemen and policemen a salary somewhat commensurate to that paid tradesmen in private employment and to annually readjust the salary scale to keep pace with changes therein.[2] In our opinion the questioned ordinance cannot be constitutionally sustained.

■ Since the fixing of salaries of municipal officers and employees is a legislative function, and the people through the initiative process may fix such salary, State ex rel. Hooper v. Hahn, 69 S.D. 275, 9 N.W.2d 502, we must look to the ordinance to ascertain if what has been enacted is within constitutional limitations. The ordinance was approved by the electorate on April 9, 1968, and manifestly on that date there were trade scales for the labor groups named from which through mathematical computation a salary could be ascertained for firemen and policemen by employing the formula set forth in the ordinance. Assuming without deciding that the electorate acting in a legislative capacity could on that date fix such salaries in that manner, nevertheless, such is not the purport of the ordinance. It fixes the determinative date as September 1, 1968, and each September 1st of succeeding years.

2. Counsel stipulated and the trial court found the trade scales to be used were maximum wages paid skilled workers under agreements negotiated through collective bargaining. The stipulation specifically recited that the wages of the workmen in the eight building trades named were established by collective bargaining, and when established a contract for each trade union and the association of the employer is entered into, and such wages are adhered to during the life of the contract.

In State of Washington ex rel. Kirschner v. Urquhart, 50 Wash.2d 131, 310 P.2d 261, the matter in issue was the validity of legislation requiring an applicant for a license to practice medicine to be a graduate of a medical school approved by the American Medical Association. At the time of applicant's graduation from a foreign medical school, there was no such list of approved foreign medical schools in existence and such list did not come into being until three years after enactment of the requiring legislation.

The Washington court opined it would have been proper for the legislature to have enacted that accredited schools were only those on a list then in being whether prescribed by the American Medical Association or some other learned society, but it was not constitutionally permissible to define accredited institutions on a list to be compiled in the future irrespective of the standing of the society making the list. It said:

> "Legislative power is nondelegable. When the legislature declares that schools on an existing list are accredited schools and those not on an existing list are not, it is legislating; but when it declares that accredited schools shall be those on a list thereafter to be promulgated, irrespective of the authority promulgating such list, it is attempting to delegate legislative power and such an act is unconstitutional.

> "The vice in the statute is not that it adopts a standard of accreditation fixed by recognized medical societies, but that there was no such list in existence at the time of the enactment in question."

Statutes adopting laws or regulations of other states, the federal government, or any of its agencies, effective at the time of adoption are valid, but attempted adoption of future laws, rules or regulations of other states, or of the federal government, or of its commissions and agencies generally have been held unconstitutional as an unlawful delegation of legislative power. Dawson v. Hamilton, Ky., 314 S.W.2d 532; Nostrand v. Balmer,

53 Wash.2d 460, 335 P.2d 10; Seale v. McKennon, 215 Or. 562, 336 P.2d 340; Cheney v. St. Louis S. W. Ry. Co., 239 Ark. 870, 394 S.W.2d 731.

■ In the instant case, four months and twenty days intervened between the passage of the salary ordinance and the date to be used in computing the salaries for the officers therein named. The electorate may have known the trade scales on the date of election and assuming arguendo that it could have enacted legislation fixing salaries in the manner prescribed by the ordinance on that date, this was not done. By setting September 1, 1968, as the date to be used, it unlawfully delegated, in this instance, to the trade unions and those who employ the tradesmen, the future determination of what is a purely legislative power and function and in our opinion this rendered the entire ordinance invalid.

The trial court appears to have reasoned that the ordinance provided for payment of a prevailing wage at the time it was enacted. We seriously doubt if it could be sustained on such theory since in cases where prevailing wage laws have been upheld we find the statutes and ordinances generally provided that public employees were to be paid wages commensurate to what nonpublic employees were paid **for like services or work of a similar character.** See Metropolitan Water District of Southern California v. Whitsett, 215 Cal. 400, 10 P.2d 751; City of Albuquerque v. Burrell, 64 N.M. 204, 326 P.2d 1088; City of Joplin v. Indus. Comm., Mo., 329 S.W.2d 687; Bradley v. Casey, 415 Ill. 576, 114 N.E.2d 681; City of Monmouth v. Lorenz, 30 Ill.2d 60, 195 N.E.2d 661, 18 A.L.R.3d 937; Baughn v. Gorrell & Riley, 311 Ky. 537, 224 S.W.2d 436; Union School District of Keene v. Commissioner of Labor, 103 N.H. 512, 176 A.2d 332. We see very little or no similarity between the character of the work performed by city firemen and policemen and that of the eight types of tradesmen designated in the ordinance. See also Kugler v. Yocum, 69 Cal.2d 371, 71 Cal.Rptr. 687, 445 P.2d 303, where a divided court sustained an ordinance which provided that city firemen were to receive salaries not less than the average of those of an adjoining city and those of an adjoining county.

Nevertheless, we need not pass upon this point, since in our opinion if the ordinance is considered a prevailing wage law, it is unconstitutional because it delegates to private persons and agencies the absolute power to fix salaries and thus constitutes an unlawful delegation of legislative power.

In Bradley v. Casey, supra, which sustained a prevailing wage law in part, the court said on page 685 of 114 N.E.2d:

> "We believe, however, that there is merit in petitioner's contention that the 1951 amendment to section 2, defining wages under a collective bargaining agreement as the prevailing rate of wages in a given locality is invalid for the reason that it delegates a discretionary power to private parties and that it tends to be too restrictive and discriminatory in defining that to be fact which is not a fact. Upon close analysis it can be seen that this amendment permits the **fixing** of the standard rather than **finding** or **ascertaining** an existing fact. This amendment then, being vulnerable to the foregoing criticisim, is clearly unconstitutional."

The annotator in 18 A.L.R.3d 944, 967, in referring to the Bradley case says:

> "Prevailing wage laws sometime contain a provision that the prevailing rate of wages should be established at the same rate as union wages in a certain locality. The question whether such provision amounts to an unlawful delegation of power to private parties has been variously determined. It seems that a provision which makes the union scale absolutely determinative of 'prevailing wages' and in effect permits the 'fixing' of a standard wage rather than the 'ascertaining' of an existing wage will be held invalid."

Obviously under the initiated ordinance neither the city commission nor any agency thereof retains any power or discretion to ascertain or determine what are prevailing wages in the Sioux Falls area. The trade unions and private contractors

engaged in eight building trades absolutely fix the same. By a simple process of addition, division, and multiplication the salaries of firemen and policemen are thus computed on September 1st of each year. As the Washington court said in the Everett decision, supra:

"Can the legislative body abdicate its responsibility and turn it over to a board of arbitrators whose decision will be binding upon the legislative body and the firemen? Clearly it has no legal right to do so. The theory of delegation of authority is that the person or group, to whom authority has been delegated, acts for and as the agent of the person or group delegating such authority. That is not the situation here. Here the council would be stepping out of the picture entirely and the arbitration board would be performing a function which, by law, is the responsibility of the council. If the council had no legal right to so abdicate its responsibility in this matter, the people of Everett had no right * * * to require the council to do so."

In our opinion the city commission of Sioux Falls could not validly delegate its authority and responsibility to fix salaries in the manner attempted by the ordinance. Neither can the people of Sioux Falls do so through the initiative. The electorate through the initiative can only lawfully do that which the commission could do.

Parrack v. City of Phoenix, 86 Ariz. 88, 340 P.2d 997, presented a question somewhat similar to the one now confronting us. There an initiated ordinance provided a basic wage for firemen of not less than $2.05 per hour, **or the contract rate for common laborers in the construction industry in and adjacent to the City of Phoenix as determined by collective bargaining contracts between the Associated Building Contractors and a trade union, whichever was the greater.** It also contained a provision for increases of the basic wage to correspond with prevailing wages of common laborers in the construction industry in the Phoenix area on June 1st of each year after enactment of the ordinance.

The city among other grounds of invalidity urged that the portion of the ordinance italicized above and the provisions for future increases was an unauthorized delegation of legislative power and void. Agreeing with this contention the Arizona court said:

> "courts throughout the nation have universally condemned attempts to delegate municipal legislative power to private groups, to fix wages or hours. See, City of Los Angeles v. Los Angeles Bldg. & Const. Trades Council, 94 Cal.App.2d 36, 210 P.2d 305; State ex rel. Everett Fire Fighters, Local No. 350 v. Johnson, 46 Wash.2d 114, 278 P.2d 662; Adams v. City of Albuquerque, 62 N.M. 208, 307 P.2d 792; Mugford v. Mayor and City Council of Baltimore, 185 Md. 266, 44 A.2d 745, 162 A.L.R. 1101."

However, it held valid the basic wage rate of $2.05 per hour.

For the reasons stated, we hold the initiated ordinance unconstitutional and the cause is reversed and remanded to the trial court with directions to enter judgment quashing the per emptory writ of mandamus issued herein.

All the Judges concur.