STATE, Plaintiff v. JOHNSON, Defendant

(173 N.W.2d 894)

(File No. 10755.  Opinion filed January 23, 1970)

**Gordon Mydland,** Atty. Gen., **Leonard E. Andera,** Asst. Atty. Gen., Pierre, for plaintiff.

**David V. Vrooman,** Sioux Falls, for defendant.

PER CURIAM.

By an information filed in the Circuit Court of Minnehaha County, the defendant was charged with selling or delivering to

"Thomas Sorenson two (2) capsules containing a hallucinogenic drug, * * * Lysergic Acid Diethylamide, commonly known as LSD, * * *" in violation of the provisions of Chapter 95 of the 1968 Session Laws for the State of South Dakota.

By demurrer the defendant asserts that Section 1(d) (3) of Chapter 95, Session Laws 1968, now SDCL 1967 39-17-21(4)(c) which reads "Any drug which contains any quantity of a substance designated by regulations promulgated under the federal act as having a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect" is unconstitutional as an unlawful delegation of legislative authority. The crime alleged is predicated on this portion of our State Drug Abuse Control Act.

The trial court overruled the demurrer and we allowed an intermediate appeal under SDCL 1967 15-26-1(6). Oral argument was heard on January 21, 1970.

The statute does not classify Lysergic Acid Diethylamide or LSD as a hallucinogenic drug and reference to regulations promulgated under the federal act must be made to determine if a crime has been charged. SDCL 1967 39-17-21(7) says "The term 'federal act' designates the Federal Food, Drug, and Cosmetic Act, and all amendments." Sections 301 to 392, Title 21, U.S.Code. Under the federal act authority to promulgate regulations is vested in the Secretary of Health, Education and Welfare after a hearing and regulations promulgated are included in the Federal Register. Title 21, U.S.C. § 371.

In a recent case, Schryver v. Schirmer, 84 S.D. 352, 171 N.W.2d 634, we said at page 636:

> "Statutes adopting laws or regulations of other states, the federal government, or any of its agencies, effective at the time of adoption are valid, but attempted adoption of future laws, rules or regulations of other states, or of the federal government, or of its commissions and agencies generally have been held unconstitutional as

an unlawful delegation of legislative power. Dawson v. Hamilton, Ky., 314 S.W.2d 532; Nostrand v. Balmer, 53 Wash.2d 460, 335 P.2d 10; Seale v. McKennon, 215 Or. 562, 336 P.2d 340; Cheney v. St. Louis S. W. Ry. Co., 239 Ark. 870, 394 S.W.2d 731."

At oral argument it was admitted that the list of hallucinogenic drugs was constantly changing and at any given time it would be necessary to consult the regulations of the secretary to determine whether or not a certain drug came within the prohibition of the statute. The statute does not adopt the regulations of the federal government or one of its agencies at a given time, but attempts to adopt any and all regulations and changes therein promulgated under the federal act in **futuro ad infinitum.** This the legislature could not constitutionally do and was an unlawful delegation of legislative power. Schryver v. Schirmer, supra. The demurrer should have been sustained.

Reversed.