**STATE OF NEBRASKA, DEPARTMENT OF ROADS, Appellant,**

v.

**Norbert T. TIEMANN, Federal Highway Administrator, Appellee.**

**No. 74–1717.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1975.

Decided Jan. 28, 1975.

Warren D. Lichty, Jr., Asst. Atty. Gen., Lincoln, Neb., for appellant.

William K. Schaphorst, U. S. Atty., Stephen L. Muehlberg, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

The State of Nebraska appeals, pursuant to 28 U.S.C. § 1292(a)(1), from the denial of its request for a temporary restraining order and preliminary injunction enjoining Norbert T. Tiemann, the Federal Highway Administrator, from withholding approval of highway projects for which the state seeks federal funds under the Federal-Aid Highway Act, 23 U.S.C. §§ 101 et seq. We affirm.

In early 1972 the Federal Highway Administrator approved, on an experimental basis, the erection of certain tourist attraction signs by the State of Nebraska within the right-of-way of the interstate highway system in the state. It was stipulated that these signs, which did not conform to guidelines promulgated by the Highway Advisory Board, would remain in place only during the 1972 tourist season. In 1973 Nebraska requested that the program be continued on a permanent basis, but this request was denied by the Administrator. However, Nebraska was granted two extensions of the removal date to January 1, 1974, and then to June 1, 1974. Nebraska's requests for hearings before the Advisory Board and the Administrator were denied; and when it appeared after June 1, 1974, that the signs were still in place the Administrator notified the state that he would "withhold approval of all primary system Federal-aid highway projects . . . in Nebraska" until the tourist attraction signs were removed.

Nebraska then commenced litigation asking for declaratory and injunctive relief to keep the Administrator from withholding funds. Additionally, it sought the temporary relief which is the subject of this appeal. After that relief was denied, it removed the signs.

■ The scope of review of a district court's order denying preliminary injunctive relief is very limited, and this Court cannot reverse the order unless there has been an abuse of discretion. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944); Wounded Knee Legal Defense/Offense Committee v. FBI, 507 F.2d 1281, 1288 (8th Cir., 1974).

■ The standards for determining whether such preliminary injunctive relief should be granted have been set out in Minnesota Bearing Co. v. White Motor Corp., 470 F.2d 1323, 1326 (8th Cir. 1973), wherein we said:

In order to justify the issuance of a preliminary injunction by the trial court, the movant has the burden of showing:

(1) substantial probability of success at trial by the moving party, and

(2) irreparable injury to the moving party absent such issuance.

[3] In an unpublished memorandum accompanying the order denying the temporary restraining order and preliminary injunction Chief Judge Warren K. Urbom carefully reviewed the facts and the applicable law and found that Nebraska was not likely to prevail on the merits. We agree with Judge Urbom's analysis and affirm on the basis of his well reasoned memorandum opinion. Clearly, there was no abuse of discretion.

Section 109(d) of the Federal-Aid Highway Act, 23 U.S.C. § 109(d), reads as follows:

On any highway project in which Federal funds hereafter participate, or on any such project constructed since December 20, 1944, the location, form and character of informational, regulatory and warning signs, curb and pavement or other markings, and traffic signals installed or placed by any public authority or other agency, shall be subject to the approval of the State highway department with the concurrence of the Secretary, *who is directed to concur only in such installations as will promote the safe and efficient utilization of the highways.* (Emphasis supplied.)

Section 315 of the Act, 23 U.S.C. § 315, specifically gives the Secretary of Transportation authority "to prescribe

and promulgate all needful rules and regulations for the carrying out of the provisions of this title." One of the regulations so promulgated under this authority is 23 C.F.R. § 1.36 (1974), which provides that if the Administrator determines that a state is not in compliance with federal laws or regulations with regard to highway projects, he may "withhold approval of further projects in the State."

Here the Administrator has determined that Nebraska is not in compliance with section 109(d) because it has erected and maintained informational signs in the interstate right-of-way without the "concurrence of the Secretary." This concurrence has been withheld because of the Administrator's finding that these signs will not "promote the safe and efficient utilization" of the interstate highway in Nebraska.

When this case is tried on the merits the state will have the burden of showing that this latter finding is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Administrative Procedures Act, 5 U.S.C. § 706(2)(A). *See* Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413–414, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); South Dakota v. Volpe, 353 F.Supp. 335, 339 (D.S.D.1973). If the Administrator's determination of this factual question was not arbitrary or capricious, then his action in withholding project approval was mandated by section 315 and the regulations promulgated thereunder.

Nebraska's argument, based on South Carolina State Highway Department v. Barnwell Bros., 303 U.S. 177, 187, 58 S.Ct. 510, 82 L.Ed. 734 (1938), that the state owns the highway and may maintain it as it sees fit simply misses the point of this litigation. While the state is constitutionally free to operate its own highway system, the federal government is not bound constitutionally or statutorily to grant federal highway funds to states which do not operate their systems in accordance with federal guidelines. *See* King v. Smith, 392 U.S.

309, 333 n.34, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Connecticut State Department of Public Welfare v. Department of H.E.W., Social & Rehabilitation Service, 448 F.2d 209, 215 (2d Cir. 1971).

The order of the district court denying a temporary restraining order and preliminary injunction is affirmed.