**WASTE MANAGEMENT, INC.,**
**Appellant,**

v.

**Ronald D. DEFFENBAUGH et al., Appellees.**

**No. 75–1656.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1976.

Decided April 28, 1976.

STEPHENSON, Circuit Judge.

This appeal is taken from an August 13, 1975, order dissolving a temporary restraining order (preliminary injunction, *see* p. 129 *infra*). We affirm the order of the district court.[1]

On March 26, 1973, appellant Waste Management, Inc., entered into a plan of reorganization and agreement with one of the appellees, Ronald D. Deffenbaugh. This plan of reorganization contained the terms and conditions governing the exchange of stock of Waste Management for the stock of Deffenbaugh Disposal Service, Inc. In effect, Waste Management purchased the business of Ronald Deffenbaugh by a contract in which Deffenbaugh acquired stock of Waste Management as his principal consideration for the transfer. The contract provided assurances that Deffenbaugh would not compete with the business that Waste Management was acquiring for a specific period following the time of closing.

Waste Management commenced this action on February 21, 1974, by filing a complaint which asked for a temporary restraining order against the appellees, including Deffenbaugh. After an evidentiary hearing on Waste Management's claim that the appellees were starting a new company to directly compete with it in violation of the contractual agreement with Deffenbaugh, the court issued a temporary restraining order on March 5, 1974. This order, which restrained the appellees from entering into competition with Waste Management in the Kansas City metropolitan area in the business of waste collection, remained in full force and effect until the August 13, 1975, order dissolving it was issued.

On July 9, 1975, appellees filed a motion to dissolve the temporary restraining order on the grounds that the appellant had materially breached the contract by its failure to register Deffenbaugh's shares of appellant's stock pursuant to section 9.2 of the

Matt P. Cushner, Chicago, Ill., for appellant; Matt P. Cushner, Richard V. Houpt, Chicago, Ill., Robert L. Driscoll, Kansas City, Mo., on briefs.

Harry A. Morris, Kansas City, Mo., for appellee; Henry A. Morris, Roy A. Larson, David M. Rhodus and Steven G. Emerson, Kansas City, Mo., on briefs.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

contract.[2] Prior thereto, on January 9, 1975, Deffenbaugh had notified appellant of his election to rescind for the same reason.

The contract provided that Deffenbaugh was to receive 64,080 shares of Waste Management stock. However, these shares were registered with the Securities and Exchange Commission under a shelf-registration. This meant that Deffenbaugh could not sell the stock until either the post-effective amendments or registration statements referred to in section 9.2 were filed and approved. It was the intention of the parties that Waste Management would file post-effective amendments or new registration statements in 1973, and the four succeeding years, which would enable Deffenbaugh to sell a specified number of his restricted shares in each of the five years.[3] It is clear from the plain language of section 9.2 that Waste Management agreed to file either post-effective amendments or registration statements in lieu thereof, on or about May 15 of each year, and that all reasonable efforts would be used to cause such post-effective amendments or registration statements to become effective. Waste Management had the option to advance or postpone the filing but only to what it determined would be a more suitable date within each year.

In 1973 Waste Management complied with its registration requirements and Deffenbaugh elected to release for sale the maximum allowable portion of his stock (25%) in that year. It is undisputed that Waste Management failed to file either a post-effective amendment or a registration statement in 1974, which affected Deffenbaugh's stock.

Waste Management was preparing to file either a post-effective amendment or a new registration statement when on October 9, 1974, the Securities and Exchange Commission entered an order directing a private investigation of Waste Management. The Commission took and maintained the position that should a post-effective amendment or registration statement be filed, no comment would be forthcoming. The Commission also refused to indicate whether a stop order would be issued if a new registration statement were filed. In view of the position taken by the Commission, Waste Management was advised that the risk of filing a post-effective amendment or a new registration statement with the potential for a stop order outweighed any risk that they might not technically be in compliance with the registration commitment to Deffenbaugh.

It is appellant's contention that it had a duty only to use reasonable efforts to cause either post-effective amendments or a new registration statement to become effective and that its reasonable efforts were thwarted by the actions of the Securities and Exchange Commission. Waste Management claims that to have filed a post-effective amendment or new registration statement under these circumstances would have threatened the very existence of the corporation and that, in any event, the Commission would not have allowed such a filing to

2. Section 9.2 reads in pertinent part:

*Section 9.2*—Waste Management agrees that it will file post-effective amendments to its shelf registration statement, or will file registration statements in lieu thereof, covering resale of shares registered under its shelf registration statement, at such time as it may select on or about May 15, 1973, and on or about May 15 in each of the succeeding four years, and will use all reasonable efforts to cause such post-effective amendments or registration statements to become effective; provided that if Waste Management shall be of the opinion that the filing of any such post-effective amendment or registration statement will interfere with a proposed financing or other corporate transaction in-

volving Waste Management, it may advance or postpone the filing of any such amendment or registration statement to a more suitable date within such year.

3. Deffenbaugh's shares would be saleable according to the following schedule:

| Date of Registration Statement or Post-Effective Amendment | Applicable Percentages |
|---|---|
| 1973 | 25% |
| 1974 | 45% |
| 1975 | 65% |
| 1976 | 85% |
| 1977 | 100% |

become effective; thus, equity should not require appellant to have made a useless filing.

■ In considering the issues raised by the appellant we initially note that although this is a temporary restraining order it has been extended beyond the permissible time limit of Fed.R.Civ.P. 65(b) and therefore must be treated as if it were a preliminary injunction. *Sampson v. Murray,* 415 U.S. 61, 86, 94 S.Ct. 937, 951, 39 L.Ed.2d 166, 184 (1974); *Telex Corp. v. International Business Machines Corp.,* 464 F.2d 1025 (8th Cir. 1972). The standard this court applies in reviewing the trial court's decision to dissolve a preliminary injunction is whether the trial court has abused its discretion. *See Yakus v. United States,* 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834, 857 (1944); *State of Nebraska, Department of Roads v. Tiemann,* 510 F.2d 446, 447 (8th Cir. 1975).

Although it is true that a post-effective amendment will not become effective without comment by the Commission, a new registration statement may become effective without comment if the Commission does not issue a stop order. The appellant has failed to prove that if it had tried to file a new registration statement a stop order would have been issued. Moreover, there is no reason to believe that if a stop order were issued Waste Management would go out of business, unless there were other circumstances seriously undermining the stability of the corporation.

■ Undoubtedly Waste Management feared that such a filing might lead to a devaluation of their stock which was listed on the New York Stock Exchange. However, we hold that the district court did not abuse its discretion in finding that:

This apprehension on the part of the managers of Waste Management does not in any way legally excuse them from performing the clear contractual obligation to take every step necessary to effect such post effective amendment or registration in lieu thereof, which admittedly they did not do.

■ The appellant also contends that the district court was in error in concluding that Waste Management had a continuing duty to perform under the contract. It is argued that the prior breach of the covenant not to compete by the appellees relieved Waste Management from the duty of continued performance. However, appellant cannot be allowed to stand on the contract by specifically enforcing the covenant not to compete on one hand while simultaneously repudiating its responsibility under the contract to pay Deffenbaugh on the other hand. *See Biggs v. Moll,* 463 S.W.2d 881, 886–87 (Mo.1971); *Arnold v. Smith,* 436 S.W.2d 719, 723 (Mo.1969).

■ Due to the failure of Waste Management to live up to its registration requirements Deffenbaugh was unable to sell his restricted stock. In addition, he was unable to operate a waste collection business due to the restrictive covenant. Conversely, Waste Management had the full advantage of the company it had purchased plus any advantages that might accrue from the avoidance of market losses on its stock.

The trial court stated that:

The issuance of a temporary restraining order is a drastic, equitable action on the part of the Court. At the time of the issuance of this order there was no contention that the plaintiff was in default in any way in its performance of the contract which it sought to enforce. This is no longer true and it is obvious from the facts that the plaintiff is in default for over six months in one of the most important of its obligations, that is to pay the defendant under the contract.

We find that the trial court did not abuse its discretion in finding that the refusal to file a registration statement was a material breach of the contract by the appellant and that therefore the balance of hardships favored the dissolution, rather than the continuation, of the injunction.

■ Waste Management's final argument is that the trial court's decision should be reversed because testimony by an expert witness, which included conclusions of law, was erroneously admitted. We note that

where the court acts as a trier of facts it has broad discretion in the admission or exclusion of expert evidence. *Joseph A. Bass Co. v. United States,* 340 F.2d 842, 845 (8th Cir. 1965). Assuming, arguendo, that it was error to admit such testimony we fail to see how such error was prejudicial to the appellant. *See* Fed.R.Civ.P. 61. The appellant only objected to one question which involved an answer which it claimed was a statement of law and it is not alleged that the statement of law objected to was incorrect. Moreover, following the controverted testimony the appellant offered its own witness who was also an expert in the law of securities. He was allowed to testify in rebuttal to the testimony here in controversy but did not contradict this statement of law. After reviewing the expert testimony in its entirety we are satisfied the court did not abuse its discretion in admitting the disputed testimony.

We do not find that the district court abused its discretion in dissolving the temporary restraining order in light of the changed circumstances.

The judgment is affirmed.