**Marvis HOGEN et al.,**
**Plaintiffs-Appellants,**

v.

**SOUTH DAKOTA STATE BOARD OF**
**TRANSPORTATION et al.,**
**Defendants-Respondents.**

**No. 11877.**

Supreme Court of South Dakota.

Sept. 15, 1976.

Rehearing Denied Oct. 21, 1976.

Ronald G. Schmidt, Schmidt & Schroyer, P. C., Pierre, for plaintiffs-appellants.

William J. Janklow, Atty. Gen., Carl W. Quist, Asst. Atty. Gen., Pierre, for defendants-respondents.

WINANS, Justice.

This is an action under the Uniform Declaration Judgment Act, SDCL 21–24. Plaintiffs seek a declaration that the Highway Beautification and Regulation of Advertising Act, SDCL 31–29, is unconstitutional and ask for injunctive relief against its enforcement. In the alternative plaintiffs seek a declaration of the damages to

which they are entitled under the Act. The trial court found the statute to be constitutional in all aspects challenged, denied injunctive relief, and held that plaintiffs were entitled to "just compensation" as the proper measure of damages. We reverse.

Plaintiffs represent two classes of persons affected by the statute. The first is a class of landowners abutting the interstate and primary highway systems in the state. It is upon their land that the businessmen constituting the second class rent space for the advertising of their respective products, services, and tourist attractions to the traveling public. Defendants are the state officials charged with the administration of the state Highway Beautification Act.

The statute under attack was passed in response to the 1965 version of the federal Highway Beautification Act, 23 U.S.C. § 131. The federal Act originally required the states to establish effective control over outdoor advertising within 660 feet of the right-of-way of all interstate and primary highway systems. Failure to establish such control subjects the state to a penalty consisting of 10% of its federal highway funds, until such time as effective control is established. In 1975 the Act was amended to expand the zone within which effective control was demanded to include anywhere visible from the main traveled way of the system, excepting only urban areas. The program is administered under the auspices of the United States Department of Transportation.

South Dakota enacted what was thought to be appropriate compliance legislation in 1966 (S.L.1966, Ch. 87), but was forced to amend its statute in 1973 (S.L.1973, Ch. 192) as a result of the case of *South Dakota v. Volpe,* (D.S.D.1973), 353 F.Supp. 335. There the district court upheld a determination by the Secretary of Transportation that the state's statute was not in compliance with congressional intent. The effect of the amendment was to prohibit outdoor advertising in the state's areas, within the 660-foot restricted zone. In 1975 the state version was again amended (S.L.1975, Ch. 195), this time to reflect the "visible from

the main traveled way" standard, making the rural prohibition complete, except in "unzoned commercial areas" as defined by a contract between the state and the federal government.

The Board of Transportation is charged with the primary responsibility for regulating outdoor advertising. The Board is authorized to enter into contracts with the Secretary of Transportation and is instructed to take action in the name of the state to effectuate those agreements. The Board is authorized to acquire nonconforming signs in accordance with SDCL 31–29–50 and 31–29–57, and must pay compensation as directed by SDCL 31–29–51.

The public policy behind the legislation is reflected in SDCL 31–29–17.

"The Legislature, recognizing the public investment in highways and in justification of these expenditures, particularly the cost of maintenance which is borne wholly by state funds, finds and declares that it is necessary to promulgate a public policy of planning and zoning adjacent to the interstate and primary systems within this state to promote their maximum utilization by encouraging the development of roadside businesses to serve the needs and pleasures of the traveling public, as well as to stimulate tourism, commerce, and for purposes of planning the general growth of the state's economy. Further, desiring to ensure reasonable compliance with the Highway Beautification Act of 1965, it is the intention of the Legislature to provide a statutory basis for the regulation of outdoor advertising consistent with the public policy relating to areas adjacent to the interstate and primary systems as declared herein and by Congress in Title 23, United States Code, 'Highways.' "

Plaintiffs have loosed a quiver of constitutional arrows at this statute; the trial court found them all wide of the target. We find that one has found its mark.

Plaintiff contends that the statute is unconstitutional for the following reasons:

1) That SDCL 31–29 is an unreasonable exercise of the police power;

2) That SDCL 31–29 is a taking of property without just compensation;

3) That SDCL 31–29 is a denial of equal protection of law;

4) That SDCL 31–29 is violative of the privileges and immunities clause;

5) That SDCL 31–29 is an infringement on freedom to contract as well as on economic freedom;

6) That SDCL 31–29 is an improper delegation of legislative power;

7) That SDCL 31–29 has been implemented and administered in an unreasonable manner;

8) That SDCL 31–29 is void for vagueness;

9) That SDCL 31–29 violates the guarantee of free speech;

10) That the permit and fee requirements of SDCL 31–29 are an unreasonable interference with property rights. Plaintiffs assert that for these reasons the trial court erred in denying them declaratory and injunctive relief.

■ Initially defendants contend that this action is not properly before the court because the opinion sought is merely advisory in nature. They stress that the court is not to decide moot or theoretical questions. We find, however, that this action involves more than the simple rendering of legal advice by the court. There is certainly a justiciable controversy—defendants have asserted that they fully intend to enforce the statute. Plaintiffs have a legal interest in the loss of their property rights, an interest which is adverse to the interests of the state. Although the action by the state is futuristic in nature, the controversy is ripe for judicial determination at this time because the conflict is by the state's own admission imminent. In accordance with the principles established in *Kneip v. Herseth,* 1974, S.D., 214 N.W.2d 93, we find that a declaratory judgment should issue.

We find it unnecessary to consider all of the issues raised by plaintiffs because we are of the opinion that SDCL 31–29–16 through 31–29–41.1 is unconstitutional.

Assuming, as the trial court found, that the statute is a proper exercise of the police power, the sections of the statute listed above must fall as an unconstitutional delegation of power in violation of Article III, § 1 of the South Dakota Constitution.

■ It is well settled in this state that the legislature may not abdicate the power to legislate or delegate that power to any other department or body. Quasi legislative power can be delegated subject to the requirement that adequate standards be adopted to guide the body to whom the power is delegated. *Schryver v. Schirmer,* 1969, 84 S.D. 352, 171 N.W.2d 634, and authorities cited therein.

■ What the legislature has done in this instance is to abdicate its power to legislate to the Board of Transportation, an action which is constitutionally impermissible. SDCL 31–29–41.1 provides:

"The board of transportation shall by rule and regulation modify the provisions of chapter 31–29, to be effective until July first following the close of the next regular session of the state Legislature, so that compliance with subsequent changes in the federal billboard or junk yard laws or regulations which become law while the Legislature is not in session may be complied with immediately."

This section on its face delegates the power to change existing legislation to comply with future federal mandates, something that this court has held to be unconstitutional on prior occasions. As we said in *Schryver v. Schirmer,* supra,

"Statutes adopting laws or regulations of other states, the federal government, or any of its agencies, effective at the time of adoption are valid, but attempted adoption of future laws, rules or regulations of other states, or of the federal government, or of its commissions and agencies generally have been held unconstitutional as an unlawful delegation of legislative power. *Dawson v. Hamilton,* Ky., 314 S.W.2d 532; *Nostrand v. Balmer,* 53 Wash.2d 460, 335 P.2d 10; *Seale v. McKennon,* 215 Or. 562, 336 P.2d 340;

*Cheney v. St. Louis S. W. Ry. Co.,* 239 Ark. 870, 394 S.W.2d 731."

Accord, *State v. Johnson,* 1970, 84 S.D. 556, 173 N.W.2d 894.

■ Were this the only defect in the sections under consideration the balance might stand without the invalidated section. Under the doctrine of separability we are bound to uphold the remaining sections if they can stand by themselves and if it appears that the legislature would have intended the remainder to take effect without the invalidated section. *State v. Shearer,* 1972, 86 S.D. 711, 201 N.W.2d 180. These sections, however, contain other defects that make their salvation under the separability doctrine impossible.

■ We find a lack of adequate standards in SDCL 31–29–16 through 31–29–41.1 to support a lawful delegation of authority. SDCL 31–29–41 authorizes the state highway commission (now Board of Transportation) to enter into agreements with the Secretary of Transportation as provided by title 23, U.S.C. and to take whatever action is necessary to comply with the terms of such agreements. The section goes on to provide:

> "In negotiating such agreements, the state [highway commission] shall be guided by such further special circumstances and conditions existing in and affecting this state, and the reasonable needs of the state and its economy for outdoor advertising as it shall deem appropriate."

The section sets out SDCL 31–29–39 and 31–29–40 as guiding considerations in these negotiations. While SDCL 31–29–40 does provide general standards for lighting, spacing and size, it is questionable whether SDCL 31–29–39 would be of assistance to anyone as far as providing understandable standards. The section provides that in reaching an agreement as to what constitutes an "unzoned commercial and industrial" area where outdoor advertising would be permissible, the state department of transportation is to

> "consider and advocate as the position of the state in negotiating such agreement, that the outdoor advertising industry is a valid and necessary part of the economy of the state of South Dakota and that the department of transportation should endeavor to obtain and authorize as many locations as is permissible under the provisions of the United States Code, above mentioned, for outdoor advertising. The areas to be designated as 'unzoned commercial or industrial areas' should be made as large as is permissible under the above noted federal statute."

No other standard is set out to define what constitutes an "unzoned commercial and industrial" area.

In the case of *Affiliated Distillers Brand Corp. v. Gillis,* 1964, 81 S.D. 44, 130 N.W.2d 597, we considered a similar question. There the Commissioner of Revenue was authorized to promulgate "any reasonable regulations not inconsistent with this title or with federal laws or regulations, to effect the objects of this title . . ." We held that this standard was insufficient to guide the Commissioner's actions. We cited the general rule that

> "A statute or ordinance which in effect reposes an absolute, unregulated, and undefined discretion in an administrative agency bestows arbitrary powers and is an unlawful delegation of legislative powers. The presumption that an officer will not act arbitrarily but will exercise sound judgment and good faith cannot sustain a delegation of unregulated discretion." 130 N.W.2d at 600.

Similar discretion was granted to the Board of Transportation in this instance. In negotiating with the federal government the Board is to consider such things "as it shall deem appropriate" and is to attempt to establish unzoned areas "as large as is permissible." These standards are hardly sustainable as clear, reasonable and understandable guidelines for agency action. *Boe v. Foss,* 1956, 76 S.D. 295, 77 N.W.2d 1.

■ Compliance with federal dictates and negotiation with the United States Department of Transportation are concepts that pervade the state legislation on regulation of outdoor advertising. The sections

found to be invalid taint the remainder of SDCL 31–29–16 to 31–29–41.1. The interdependence of those sections requires that they fall as a unit. *Sioux Falls v. Sioux Falls Firefighters,* 1975, S.D., 234 N.W.2d 35.

It is with reluctance that this court holds legislation to be unconstitutional, but we find in this case that the conflict between the statute and the constitution is "plain and palpable." *Lammers v. Heartland Consumers Power District,* 1970, 85 S.D. 205, 180 N.W.2d 398. We find that SDCL 31–29–16 to 31–29–41.1, inclusive, is unconstitutional as an improper delegation of legislative power. The judgment of the trial court is therefore reversed, and the trial court is directed to grant injunctive relief consistent with this opinion.

DUNN, C. J., and COLER, J., and BRAITHWAITE, Circuit Judge, concur.

WOLLMAN, J., concurs in part and dissents in part.

BRAITHWAITE, Circuit Judge, sitting as a member of the Court.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.

WOLLMAN, Justice (concurring in part, dissenting in part).

I agree with the holding that SDCL 31–29–41.1 is an unconstitutional delegation of legislative power. I would not say the same with respect to SDCL 31–29–41, however. Although there is no specific definition of "unzoned commercial and industrial areas" set forth in SDCL 31–29–39, those are areas within which signs, displays and advertising devices may be located by agreement between the state and the United States Secretary of Transportation subject to the limitations established in 31–29–40. SDCL 31–29–19(5). SDCL 31–29–39 imposes upon the Department of Transportation the duty to maximize the number of locations permissible for outdoor advertising and the duty to have the areas to be designated as unzoned commercial or indus-

trial areas made as large as permissible. Within those areas the Department of Transportation may not agree to any regulation which is more restrictive than the usages specified in SDCL 31–29–40. When read together with SDCL 31–29–19 and 31–29–40, the reference to unzoned commercial and industrial areas set forth in SDCL 31–29–39, although concededly not very definite, imposes upon the Department of Transportation the duty to maximize the number and size of the areas within which outdoor advertising is to be permitted. Accordingly, I would hold that the imprecision in SDCL 31–29–39 is not so great as to invalidate SDCL 31–29–41.

Under my view of the case, then, I would hold that SDCL 31–29–41.1 is severable from the remaining portions of SDCL 31–29.