374 So.2d 253 (1979)
Lawrence G. RUSHING
v.
CITY OF GEORGIANA.
77-808.
Supreme Court of Alabama.
June 22, 1979.
Rehearing Denied August 24, 1979.
Allen W. Howell, Montgomery, for appellant.
Elisha C. Poole, Greenville, for appellee.
EMBRY, Justice.
This appeal is from summary judgment entered in favor of the City of Georgiana in an action by Lawrence G. Rushing seeking payment by the City to him of certain monies which he claims as disability benefits or salary because of certain recitations in the minutes of a meeting of the Council of the City.
The issue is whether what is reflected in those minutes shows the requisite legislative action of the City Council which requires payment to Rushing.
We answer that issue in the negative and affirm.
Stated otherwise, the issue in this case is whether the City Council could validly bind itself to pay Mr. Rushing a form of disability compensation by passing a motion to that effect. We hold the granting of disability compensation to an employee is a legislative function which requires the passage *254 of a city ordinance and cannot be validly effectuated by motion or resolution. Summary judgment in favor of the City was entered after hearing arguments on behalf of the parties and after review of the affidavits on which the motion was submitted.
The facts are not in dispute. Rushing was hired as a police officer of the City of Georgiana on 3 January 1962. In September of 1962 he was injured on the job while attempting to arrest a suspect. He was confined in the V.A. Hospital in Birmingham until early 1963 and was unable to work after his release. On 5 November 1962, the Mayor and Council of Georgiana held a regular meeting; the minutes of that meeting contain the following separate paragraph:
"The status of Lawrence Rushing now in VA Hospital in B'ham [Birmingham] was discussed. Mr. W. M. Wise made a motion to pay Mr. Rushing $50.00 a week salary plus legal bills until he is out of trouble."
The financial records of the City reflect that Mr. Rushing was paid fifty dollars a week from 17 November 1962 through 25 February 1963. Rushing then orally agreed with the Mayor that the City could reduce its payments to him until the City bettered its financial condition, with the unpaid portion to accumulate. It is possible to infer from the Rushing affidavit that the reason for the agreement to reduce the amount of payments to him was to allow the City to hire a policeman to perform his duties. The reduced payments were made to him for the months of April, June, and August of 1963. The City's records indicate that no further payments were made after that. There is no indication the City ever discharged Rushing or rescinded the action reflected in the minutes of the meeting of the Council on 5 November 1962. Rushing did not perform any further police duties for the City after his discharge from the hospital, although he retained his badge. The former Mayor signed an affidavit on 24 February 1964 which stated in effect that Rushing was still serving as a policeman for the city.
The basic assertion of Rushing is that the City of Georgiana voted to pay him a salary of fifty dollars a week as a type of workmen's compensation benefit, for being injured on the job, until he recovered and could resume work. Evidently, he further contends he never recovered sufficiently to resume work; therefore, the City is liable to him presently for those weekly payments as well as for those past payments not foreclosed by the applicable statute of limitations. In this case we do not have to deal with the problem of how long a period of time payments were authorized, or which statute of limitations applies, because the action by the City was void ab initio; thus, the defendant City was entitled to have its motion for summary judgment granted.
The action by the City was void ab initio because it could not grant disability benefits to Rushing by means of a motion or a resolution. Liability of the City to him for such payments could only be created by adoption of an ordinance. In the present case, the minutes of the Council meeting at issue stated: "Mr. W. M. Wise made a motion to pay Mr. Rushing $50.00 a week salary plus legal bills until he is out of trouble" (emphasis added). Obviously, this motion was voted on and passed, as evidenced by the fact the City did make some payments to him. A motion passed by a City Council is essentially the same as the Council passing a resolution. McQuillin, Municipal Corporations, (3rd Ed. 1968) § 15.08. There is, however, a great distinction between a resolution and an ordinance. McQuillin in his treatise on Municipal Corporations states the following:
"* * * The term `ordinance' means something more than a mere verbal motion or resolution, adopted, subsequently reduced to writing, and entered on the minutes and made a part of the record of the acting body. It must be invested, not necessarily literally, but substantially, with the formalities, solemnities, and characteristics of an ordinance, as distinguished from a simple motion or resolution.

*255 "A resolution in effect encompasses all actions of the municipal body other than ordinances. Whether the municipal body should do a particular thing by resolution or ordinance depends upon the forms to be observed in doing the thing and upon the proper construction of the charter. In this connection it may be observed that a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct of government, to continue in force until the ordinance is repealed. An ordinance is distinctively a legislative act; * * *" McQuillin, supra at § 15.02.
Unfortunately, sometimes the word "ordinance" is used interchangeably with the word "resolution," but this does not negate the distinction between the two. See McQuillin, supra at § 15.08.
In the present case it is clear the Council at the most, merely passed a resolution. Code 1975, § 11-45-8(a), requires that "[a]ll ordinances as soon as practicable after their passage be recorded in a book kept for that purpose and be authenticated by the signature of the clerk." There was no such recordation or authentication to indicate this was other than a mere order or resolution. Even though this section has been construed to be merely directory, it is still a factor to be considered when trying to determine the nature of an action of a municipality. See Chadwick v. Town of Hammondville, 270 Ala. 618, 120 So.2d 899 (1960) (section (a) declared directory). Furthermore, § 11-45-8(b) requires all ordinances of a general or permanent nature to be published in some manner. Such publication is notice of the ordinance's enactment and is essential to its effectiveness. Roach v. City of Tuscumbia, 255 Ala. 478, 52 So.2d 141 (1950). In this case, there was no publication of the Council's action to pay Rushing disability compensation; therefore, the action of the Council was not an ordinance but a motion or, at the very most, a resolution.
It is a general principle of law that:
"* * * all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of an ordinance. * *" McQuillin, supra at § 15.02.
The reason for this distinction is obvious. More serious or important acts of a municipality require that more formalities be adhered to before these acts become effective. One of the most important of such required formalities is notice to the public of the action of the municipality. These required formalities are safeguards of the public interest; i. e., to let the public know what liabilities or obligations the city is incurring.
Courts have often held that fixing the salaries or compensation of municipal employees is a legislative function. Shryver v. Schirmer, 84 S.D. 352, 171 N.W.2d 634 (1969); City of Las Vegas v. Ackerman, 85 Nev. 493, 457 P.2d 525 (1969); and McQuillin, supra at § 15.05. Code 1975, § 11-43-8, clearly states the salaries or fees of employees whose compensation is not fixed by law shall be prescribed by ordinance where the form of government is mayor-council. The payment of wages to employees suffering disability while in the city's employ is a form of compensation similar to workmen's compensation. 62 C.J.S. Municipal Corporations § 721 (1977). We hold that authority to pay this type of compensation to employees of cities or towns must be found in an ordinance and not merely a motion or resolution.
We reach this conclusion for the following reasons: (1) granting compensation to the employee of a municipality is a legislative function and legislative functions require adoption of an ordinance; and (2) since § 11-43-7 requires an ordinance for prescription of salaries or fees, that section would also require an ordinance to prescribe disability compensation for a municipal employee. In this case since the action taken by the City, regarding Mr. Rushing, was not an ordinance but a mere motion, or at the most a resolution, the motion passed by the City to pay Rushing fifty dollars a week *256 was void ab initio. Therefore, no cause of action accrued to Rushing because of the entry of the minutes, here under consideration, of the Council's meeting on 5 November 1962. As a matter of law, there was no valid claim against the City. The City was, therefore, entitled to summary judgment. It should be noted that Rushing based his claim at the lower court level entirely on the minutes entered. He raised an estoppel theory, to permit him to recover, for the first time on appeal; therefore, that issue is not before this court.
For the stated reasons, we hereby affirm the judgment below.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
EMBRY, Justice.

ON REHEARING
On rehearing, appellant, Rushing, attached a copy of a brief filed at the trial court level which indicates that he did raise the issue of estoppel prior to bringing this appeal. This, however, does not change our opinion. While the doctrine of estoppel may be applied against a municipal corporation in certain cases, such application is rare. Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977); Marsh v. Birmingham Bd. of Ed., 349 So.2d 34 (Ala.1977); Board of School Com'rs of Mobile v. Hudgens, 274 Ala. 647, 151 So.2d 247 (1963).
Normally, the question of estoppel is a mixed question of law and fact and summary judgment would not be proper. See Alford, supra. In this case, however, the facts are undisputed, and it is clear, as a matter of law, that the City of Georgiana was not estopped. The City of Georgiana had no authority to make any payments to Rushing, because an ordinance authorizing such payments had never been passed. The doctrine of estoppel may not authorize a city to do that which it has no authority to do. Alford, supra; Hudgens, supra. Consequently, the City is not estopped from denying any liability to pay past or future disability payments to Rushing based on the fact that an invalid motion was passed and improper payments were made to Mr. Rushing pursuant to that motion. The payments made to Mr. Rushing were a gratuity, and Mr. Rushing suffered no legal detriment by accepting and relying on such payments.
OPINION EXTENDED AND APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.