**STATE OF SOUTH DAKOTA, Appellant,**

v.

**Neil GOLDSCHMIDT, United States Secretary of Transportation; John Hassell, Jr., Federal Highway Administrator; Marvin Espeland, Division Highway Administrator, and the United States of America, Appellees.**

Nos. 80–1358, 80–1359.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1980.

Decided Dec. 12, 1980.

Ronald G. Schmidt, Schmidt, Schroyer & Colwill, P.C., Pierre, S.D., for appellant.

---

Douglas N. Letter, Atty., Civ. Division, U.S. Dept. of Justice, Washington, D.C., for appellees.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

The State of South Dakota (the State) appeals two adverse decisions of the district court which held that the Highway Beautification Act, 23 U.S.C. § 131 (1965) (the Act) is constitutional[1] and that the Secretary of Transportation was authorized by the Act to withhold ten percent of the State's apportionment of 1978 federal highway funds as a penalty for the State's failure to institute effective control of billboards.[2] We affirm based on the comprehensive opinions of the district court, however, we review the history of the litigation leading to these appeals for purposes of clarification.

Beginning in 1971, then Secretary of Transportation Volpe notified the State that its zoning of areas adjacent to interstate and primary roads did not comply with the Act. The Secretary assessed a ten percent penalty pursuant to 23 U.S.C. § 104, but then suspended the penalty to provide the State with time to comply. The State unsuccessfully challenged the ten percent penalty in district court, *South Dakota v. Volpe*, 353 F.Supp. 335 (D.S.D. 1973).

Later in 1973, the state legislature passed legislation which complied with the Act and the Secretary returned the ten percent penalty. The new legislation provided the State Board of Transportation with the authority to alter state law. This authority was used in reaching an agreement between the State Board of Transportation and the Federal Highway Administrator which conformed to the Act. The agreement, however, was subsequently invalidated by the South Dakota Supreme Court because the 1973 legislation improperly delegated legislative authority to the State Board of Transportation. *Hogen v. State*

Board of Transportation, 245 N.W.2d 493 (S.D. 1976).

In April 1977, the state legislature passed new legislation. The governor signed the legislation even though the State had been informed that the Federal Highway Administrator objected to the bill, and its enactment could lead to another ten percent penalty. On July 11, 1977, the Secretary notified the State of his preliminary decision that the new legislation did not comply with the Act and that ten percent of the State's 1978 apportionment of funds and those for succeeding years would be reserved pending a final determination. The State requested and received a bill of particulars and an administrative hearing regarding the nonconforming legislation. The administrative hearing was held on December 12–15, 1977, and the federal government was represented by the Federal Highway Administration. Prior to the issuance of the decision of the Administrative Law Judge, the State filed two actions in federal district court. The first action challenged the legality of the Secretary's reservation of the funds before rendering a final determination. The district court held that the Secretary had authority to reserve the funds and this court affirmed. *South Dakota v. Adams*, 587 F.2d 915 (8th Cir. 1978), cert. denied, 441 U.S. 961, 99 S.Ct. 2404, 60 L.Ed.2d 1065 (1979). In the other action, the State unsuccessfully challenged the constitutionality of the Highway Beautification Act and the district court's decision in that action is the subject of the current appeal in No. 80–1358.

The second appeal before this court, No. 80–1359, alleges that the district court erred in affirming the Secretary's order and final determination that withheld ten percent of the State's 1978 apportionment of federal highway funds. The Secretary's final order was issued November 9, 1978, and it withheld $4,085,599 in funds. Although the Administrative Law Judge in March 1978 had found the State had made a good faith

1. *South Dakota v. Adams*, 506 F.Supp. 50 (D.S.D. 1980).

2. *South Dakota v. Adams*, 506 F.Supp. 60 (D.S.D. 1980).

**700**

effort to comply with the Act, the Secretary reviewed the record de novo and concluded that the 1978 funds previously reserved should be permanently withheld and reapportioned to other states. The Secretary also determined that 1979 funds should not be reapportioned unless the State failed to enact billboard control laws which complied with the Act by March 31, 1979. The state legislature, as noted by the district court, has enacted such legislation and most of the 1979 funds have been released to the State.

We have carefully studied the record in these cases, including the district court's opinions, the briefs and the arguments of the parties. We find no merit to the State's arguments, and accordingly affirm on the basis of Judge Porter's detailed and well reasoned opinions pursuant to Rule 14 of the Rules of this court. *See also Nebraska v. Tiemann*, 510 F.2d 446 (8th Cir. 1975). All costs shall be taxed to the State.