Robert J. QUINN, Jr., and Patricia J. Kampsen, individually and on behalf of all other similarly situated non-freeholder electors of St. Louis County, Missouri and of the City of St. Louis, Missouri, Appellees,

v.

The STATE OF MISSOURI; John D. Ashcroft, Governor of Missouri; Gene McNary, County Executive of St. Louis County, Missouri; Vincent C. Schoemehl, Jr., Mayor of the City of St. Louis, and Joseph S. Balcer, Robert L. Bannister, Sandra H. Bennett, Allen S. Boston, Claude Brown, William G. Cocos, Jr., Jo Curran; Thomas P. Dunne, C. Fran Emerson, Gretta Forrester, Albert H. Hamel, William J. Harrison, Wayne L. Millsap, Chairman, J.P. Morgan, Catherine Rea, Daniel Schlafly, Henry S. Stolar, Lucille Walton and Margaret Bush Wilson, Comprising the St. Louis City and County Board of Freeholders, Appellants.

No. 88–1146.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1988.

Decided Feb. 11, 1988.

Jordan Cherrick, St. Louis, Mo., for appellants.

Kevin O'Keefe & Jess W. Ullom, St. Louis, Mo., for appellees.

Before McMILLIAN, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Appellee Robert J. Quinn, Jr. represents a class of persons who do not own real property in a class action suit alleging that Art. VI, § 30(a) and (b) of the Constitution of the State of Missouri violates various provisions of the United States Constitution because it prevents the members of the class from being eligible to serve on the St. Louis Board of Freeholders (the Board). Quinn filed his original complaint on November 10, 1987, seeking declaratory relief. Quinn filed an amended complaint on Janu-

ary 21, 1988, which added several defendants and sought injunctive relief to enjoin any further actions of the Board. On January 25, 1988, the district court granted Quinn's request for a temporary restraining order (TRO), while denying the State of Missouri's motions for abstention or transfer or both. This court stayed the TRO on January 27, 1988, pending an expedited appeal by the State. For reversal, the State argues (1) that the district court should have abstained, and (2) that the district court abused its discretion in granting the TRO.

Quinn argues as a threshold matter that this court is without jurisdiction to hear the State's appeal from the district court's TRO. The law is, however, that where a TRO exceeds the ten-day limit provided in Fed.R.Civ.P. 65(b), and has the practical effect of a preliminary injunction, the appellate court may treat it as a preliminary injunction and exercise jurisdiction under 28 U.S.C. § 1292(a)(1). *Sampson v. Murray,* 415 U.S. 61, 86–87 and n. 58, 94 S.Ct. 937, 951 & n. 58, 39 L.Ed.2d 166 (1974); *Edudata Corp. v. Scientific Computers, Inc.,* 746 F.2d 429, 430 (8th Cir. 1984) (per curiam); *Waste Management, Inc. v. Deffenbaugh,* 534 F.2d 126, 129 (8th Cir.1976). While Quinn argues that the State consented to the extension of the TRO, the State clearly objected to the issuance of any such order on the ground that no threat of an irreparable injury had been shown. Though perhaps this was not a specific objection to the duration of the TRO, the State certainly did not consent. *See Connell v. Dulien Steel Products,* 240 F.2d 414, 417–18 (5th Cir.1957). Furthermore, "[a]n appeal from an order granting or refusing injunctive relief pursuant to 28 U.S.C. § 1292(a)(1) presents for appellate review the entire order, not merely the propriety of injunctive relief." *McNally v. Pulitzer Publishing Co.,* 532 F.2d 69, 73–74 (8th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976). The TRO at issue was granted by the district court on January 25, 1988, to extend in force until a hearing on a preliminary and permanent injunction scheduled for February 17th, a total period of twenty-four days.

As such, it will be treated as a preliminary injunction within the meaning of 28 U.S.C. § 1292(a)(1). The abstention issue is also within this court's jurisdiction as part of the appeal from the TRO.

At this time, however, we do not decide the abstention question because at oral argument before this court, counsel for the State implied, if not stated, that the State intended to file a parallel action in the Missouri State Courts. If this should happen, the posture of this case for abstention purposes might be different from what it is now, and the parallel state proceedings could have an impact on the resolution of this issue. If the district court is notified that such a parallel suit has been filed, we leave the abstention question to be decided by the district court in the first instance.

We find no abuse of discretion in the district court's entry of a TRO, and affirm that order, as modified herein. Because we conclude that restricting the Board from meeting and planning is a substantial interference with local government processes, we modify the TRO and direct the Board not to take any final action or file any proposed plan of reorganization until the district court has ruled on the merits of Quinn's complaint. Until the district court has rendered its decision, the Board is free to continue to meet and to plan a proposal of reorganization.

The emergency stay of the TRO is hereby dissolved, that order is reinstated as modified herein, and the case is remanded to the district court for further proceedings. Mandate to issue forthwith.